IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CHARTER COMMUNICATIONS, INC.** § <br> and § <br> **TIME WARNER CABLE TEXAS, LLC,** § <br> § <br> Plaintiffs, § <br> v. § <br> § <br> **PREWITT MANAGEMENT, INC.,** as § <br> General Partner of WAP, Ltd., a Texas § <br> Limited Partnership § <br> § <br> Defendants. § | | **CASE NO. 1:16-CV-1268-LY** |

**DEFENDANT PREWITT MANAGEMENT, INC.'S
MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE LEE YEAKEL:

COMES NOW Prewitt Management, Inc. (hereinafter "Prewitt Management"), Defendant herein, and files this Motion for Summary Judgment pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, and in support thereof would respectfully show as follows:

**I.**

**INTRODUCTION**

1. Plaintiffs have sued the wrong party. While Prewitt Management takes issue with all of the Plaintiffs' claims and the legal arguments advanced by Plaintiffs in an effort to avoid their obligations, this problem, that the Plaintiffs have sued the wrong party, is one that Plaintiffs have been made aware of by Prewitt Management, that is fatal to Plaintiffs' claims and arguments, and Plaintiffs have been offered an opportunity to correct the problem. However, Plaintiffs have been unwilling to remedy this problem.

2.     Plaintiffs' First Amended Complaint names only Prewitt Management as a Defendant in this case. And Prewitt Management is the only party that has ever been served in this case. While the caption for this lawsuit makes reference to WAP, Ltd. (hereinafter "WAP"), and Plaintiffs make references to WAP at several places in their First Amended Complaint, WAP has never been named as a Defendant in this case and has never been served.

3.     Plaintiffs' lawsuit centers around two different contracts: (1) the March 12, 1964 contract between W.A. Prewitt, Jr. and Plaintiffs' predecessor in interest; and (2) the August 16, 2971 contract between W.A. Prewitt, Jr. and Plaintiffs' predecessor in interest. These contracts will hereinafter be collectively referred to as the "WAP Agreements." Plaintiffs claim that the WAP Agreements should be declared unenforceable for various reasons.

4.     The problem is that Prewitt Management was not, and is not, a party to the WAP Agreements. Prewitt Management is not the successor in interest to W.A. Prewitt, Jr., the original party to the WAP Agreements. Prewitt Management is nothing more than the general partner of WAP. WAP is the only successor in interest to W.A. Prewitt, Jr., and thus is the successor in interest to the WAP Agreements. This means that WAP, not Prewitt Management, is the proper party to this lawsuit.

5.     Counsel for Prewitt Management has informed counsel for Plaintiffs of this issue, and has offered potential solutions short of summary judgment. Counsel for Prewitt Management offered to allow Plaintiffs to join WAP as a party, even going so far as agreeing to accept service on behalf of WAP, and offering to answer for WAP without seeking a continuance of the present trial date. But counsel for Plaintiffs refused. Counsel for Prewitt Management also offered to file an agreed motion for leave to allow WAP to intervene in this lawsuit, ensuring that WAP could file its claims against Plaintiffs and that Plaintiffs could file their claims against WAP. But

again, counsel for Plaintiffs refused. Instead, counsel for Plaintiffs suggested that WAP be substituted in as the Defendant in this case, which would mean that WAP would become the Defendant in the present litigation without ever being served, and without ever having a chance to plead its claims and/or defenses to this Court. Plaintiffs' proposal is not a solution, it's a "Hail Mary" attempt to fix their problem, which was caused by their failure to properly plead their case, without giving WAP a full and fair opportunity to meaningfully participate in this litigation by fully presenting its claims and defenses.

6. Because the Plaintiffs have been unwilling to reach a reasonable solution to ensure that the proper and necessary parties are joined in this litigation, and because this problem persists, Prewitt Management has been forced to file this motion for summary judgment in order to bring this issue in front of the Court.

## II.

## SUMMARY JUDGMENT EVIDENCE

7. Defendant Prewitt Management includes the summary judgment evidence attached to this Motion for Summary Judgment and/or currently on file with the Court and incorporates the evidence by reference as if set forth at length herein in this motion:

    Appendix A – March 12, 1964 Contract between W.A. Prewitt, Jr. & AMECO, Inc.;

    Appendix B – August 16, 1971 Contract between W.A. Prewitt, Jr. & T.V. Cable, Inc. of Waco; T.V. Cable, Inc. of Temple; and T.V. Cable, Inc. of McGregor;

    Appendix C – Limited Partnership Agreement of WAP, Ltd.;

    Appendix D – Articles of Incorporation of Prewitt Management, Inc.;

    Appendix E – Plaintiffs' First Amended Complaint; and

    Appendix F – Plaintiff Charter Communications, Inc.'s Responses to Defendant Prewitt Management, Inc.'s First Requests for Admission and Plaintiff Time Warner Cable Texas LLC's Responses to Defendant Prewitt Management,

Inc.'s First Requests for Admission;

Appendix G – Affidavit of W.A. "Buck" Prewitt, III;

### III.

#### SUMMARY JUDGMENT STANDARD

8. A party moving for summary judgment has the initial burden to demonstrate the absence of any genuine dispute as to any material fact by citing to specific evidence or the lack of evidence supporting the nonmovant's case. *Fed. R. Civ. P.* 56(c)(1)(A); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (U.S. 1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). However, the movant is not required to negate the elements of the nonmovant's claims. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). When a party that does not bear the burden of proof at trial moves for summary judgment, it may satisfy its initial burden by "merely pointing to the absence of evidence in the record supporting the issue." *Rushing v. Kan. City. S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999); *Celotex*, 477 U.S. at 323-24.

9. A motion for summary judgment puts the nonmovant on notice that he must come forward with all of his evidence and specifically demonstrate how the evidence proves there is a genuine issue of material fact as to each element of his causes of action. *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The nonmovant is not permitted to rest on its pleadings, and "[n]either conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's burden." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). If the movant meets its burden of demonstrating the absence of any genuine issue of material fact, "[t]o survive summary judgment, the nonmoving party must submit or identify evidence[,] designate specific facts[, and] articulate the precise manner in which the evidence supports his or her claim" that there is a genuine issue of material fact. *Smith ex rel. Estate of Smith v. United States*, 391 F.3d

621, 625 (5th Cir. 2004). "Rule 56(c) mandates the entry of summary judgment, after an adequate time for discovery and upon motion, against a party who fails … to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The failure to provide proof of an essential element "necessarily renders all other facts immaterial." *Id*. at 323.

## IV.

### FACTUAL BACKGROUND

10.     This suit arises out of the WAP Agreements, which were originally formed in the 1960s and the 1970s, and in which Plaintiffs' predecessors contractually agreed to pay a 3% royalty to W.A. Prewitt, Jr. and his heirs, successors and assigns in exchange for the sale of exclusive cable television permits that allowed Plaintiffs' predecessors to build, operate, and maintain cable systems in the Texas cities of Bellmead, Beverly Hills, McGregor, Temple, Woodway, and Waco.[1]

11.     W.A. Prewitt, Jr. was a party to both of the WAP Agreements. Following W.A. Prewitt, Jr.'s death, a number of trusts were created that held a percentage interest in the 3% royalty payments under these contracts. In 1995, WAP, Ltd. (hereinafter "WAP"), a Texas Limited Partnership, was created and all of the trusts transferred their percentage interest in the 3% royalty payments to WAP.[2] At the same time, Prewitt Management was created to serve as the general partner of WAP.[3] In their First Amended Complaint, Plaintiffs conceded that WAP is

---

[1] March 12, 1964 Contract between W.A. Prewitt, Jr. & AMECO, Inc., attached herein as Appendix "A"; August 16, 1971 Contract between W.A. Prewitt, Jr. & T.V. Cable, Inc. of Waco; T.V. Cable, Inc. of Temple; and T.V. Cable, Inc. of McGregor, attached herein as Appendix "B"
[2] Limited Partnership Agreement of WAP, Ltd., attached herein as Appendix "C"; Affidavit of W.A. "Buck" Prewitt, III, attached herein as Appendix "G"
[3] Articles of Incorporation of Prewitt Management, Inc., attached herein as Appendix "D"; Affidavit of W.A. "Buck" Prewitt, III, attached herein as Appendix "G"

the "successor to the interests of W.A. Prewitt, Jr. and his heirs" under the various contracts.[4] In addition, in its responses to Prewitt Management's requests for admission, Plaintiff Charter Communications, Inc. (hereinafter "Charter") admitted that its predecessor made payments under the various contracts to WAP from 2005 through the second quarter of 2016, and Plaintiff Time Warner Cable Texas LLC (hereinafter "TWC") admitted that it made payments under the various contracts to WAP in 2012-2016.[5] Plaintiffs have never contended that Prewitt Management is a successor in interest to W.A. Prewitt, Jr., and there is no evidence that Prewitt Management is a successor in interest to W.A. Prewitt, Jr. Plaintiffs have never contended that they or their predecessors ever made payments to Prewitt Management under the WAP Agreements, and there is no evidence that Prewitt Management ever received any such payments.

12.   The other parties to the WAP Agreements were Ameco, Inc., T.V. Cable, Inc. of Waco, T.V. Cable, Inc. of Temple, and T.V. Cable, Inc. of McGregor. Plaintiffs have conceded that these parties are the predecessors in interest for TWC.[6]

13.   Thus, WAP and TWC are the successors in interest to the original parties to the WAP Agreements.

14.   Despite the fact that WAP is the successor in interest to W.A. Prewitt Jr., the party that signed the original contracts with Plaintiffs' predecessors in interest, and despite the fact that Plaintiffs made the royalty payment under the WAP Agreements directly to WAP for over a decade before bringing this lawsuit, for some reason, Plaintiffs chose to bring suit against Prewitt

---

[4] Plaintiffs' First Amended Complaint, ¶ 8-9, attached herein as Appendix "E"
[5] Plaintiff Charter Communications, Inc.'s Responses to Defendant Prewitt Management, Inc.'s First Requests for Admission and Plaintiff Time Warner Cable Texas LLC's Responses to Defendant Prewitt Management, Inc.'s First Requests for Admission, attached herein as Appendix "F"
[6] Plaintiffs' First Amended Complaint, ¶ 8-9, 12 & 17, attached herein as Appendix "E". TWC is a subsidiary of Charter.

Management, the general partner, and did not sue or serve WAP, the actual partnership that is the successor to W.A. Prewitt, Jr. and therefore the proper party to the WAP Agreements.

15. Therefore, Prewitt Management brings this motion for summary judgment regarding Plaintiffs' claims in this lawsuit because Prewitt Management was not a party to the WAP Agreements and is not a successor in interest to any of the parties to the WAP Agreements, which means that there is no case or controversy between Plaintiffs and Prewitt Management with respect to the WAP Agreements.

## V.

### ARGUMENT & AUTHORITIES

16. Plaintiffs are seeking a declaration from this Court that the WAP Agreements are unenforceable and invalid for one of the following reasons: (1) the city permits referenced in the WAP Agreements have expired; (2) the WAP Agreements are indefinite in duration; (3) Section 66.004(f) of the *Texas Cable Act* violates the *Federal Cable Act*; (4) Section 66.004(f) of the *Texas Cable Act* violates the First Amendment and the Equal Protection Clause of the United States Constitution; and (5) Section 66.004(f) violates the Federal Contracts Clause of the United States Constitution. Plaintiffs also assert a claim for restitution of monies that they and their predecessor(s) previously paid under the WAP Agreements, which is contingent upon the Court entering at least one of the declarations sought by Plaintiffs.

17. In analyzing whether to decide or dismiss a declaratory judgment suit, a federal district court must first determine whether the declaratory judgment action is justiciable. *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 387-88 (5th Cir. 2003). The justiciability inquiry typically turns on whether there is an "actual controversy" between the parties to the action. *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000); *see also* 28 U.S.C. § 2201. A court

must find that an actual controversy exists between the parties to the case in order to exercise subject matter jurisdiction.  *Orix*, 212 F.3d at 895.  "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 85 L. Ed. 826 (1941).  A justiciable controversy "must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional, or based upon the possibility of a factual situation that may never develop." *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967).  The actual controversy requirement prevents the declaratory judgment procedure from becoming a medium for securing an advisory opinion.  *Coffman v. Breeze Corp.*, 323 U.S. 316, 324, 65 S. Ct. 298, 89 L. Ed. 264, 1945 Dec. Comm'r Pat. 576 (1945).  Where no actual controversy exists, a declaratory judgment action is not ripe for adjudication.  *Orix*, 212 F.3d at 896.  Thus, in order to bring a valid claim for declaratory judgment, Plaintiffs must prove that there is an actual controversy between the parties to this litigation.

18.     The United States Court of Appeals for the Fifth Circuit has held that in declaratory relief actions, there is only a case or controversy between parties to the contract or third party beneficiaries of the contract.  See *BroadStar Wind Sys. Grp. Ltd. Liab. Co. v. Stephens*, 459 F. App'x 351, 356 (5th Cir. 2012); *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 602 (5th Cir. 2000);  *see also Lemmo v. NOS Communs., Inc.*, 2013 U.S. Dist. LEXIS 182791 (E.D. Tex. 2013).

19.     In addition, under Texas law, a partnership is an entity that is separate and distinct from its partners.  *Tex. Bus. Org. Code* §152.056; *Am. Star Energy & Minerals Corp. v. Stowers*, 457 S.W.3d 427, 429 (Tex. 2015); *see also Kao Holdings, L.P. v. Young,* 261 S.W.3d 60, 63 (Tex.

2008).  The Texas Legislature "'unequivocally embrace[d] the entity theory of partnership'" when it enacted the *Texas Revised Partnership Act*, since codified in the *Texas Business Organizations Code*, which means that a partnership, as an independent entity, may enter into contracts in its own name, may own its own property, and may sue and be sued in its own name.  *Id*.; *In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455, 464 (Tex. 2011); T*ex. Bus. Orgs. Code* § 152.101; *Tex. R. Civ. P*. 28.  Additionally, since a partnership is a separate and distinct entity from its partners, a finding against the partnership itself is a prerequisite to enforcing a binding judgment against any of the partners related to acts of the partnership.  *Stowers*, 457 S.W.3d at 431-432.  In fact, the *Texas Revised Partnership Act* prevents a judgment against a general partner from being enforced until a judgment has been entered against the partnership itself.  *Tex. Bus. Orgs. Code* §153.003.  Thus, the limited partnership in this case, WAP, and its general partner, Prewitt Management, are not one and the same or synonymous with one another, and WAP is a separate and distinct entity that must be sued and served as such.

20. In *Hellmuth, Obata & Kassabaum, L.P. v. Efficiency Energy, L.L.C.*, Efficiency Energy, L.L.C. ("EE"), a consulting firm that specialized in coordinating tax incentives with governmental entities constructing energy efficient buildings, entered into a contract with the University of Texas ("UT") to provide coordinating services to UT.  *Hellmuth, Obata & Kassabaum, L.P. v. Efficiency Energy, L.L.C.*, 2016 U.S. Dist. LEXIS 4650 (S.D. Tex. 2016).  UT later identified a construction project that it thought might qualify.  *Id*.  Hensel Phelps ("Hensel Phelps") Construction Co. was the construction company on that project, and the plaintiff was the architect and engineer on the project that was hired by Hensel Phelps.  *Id*.  Plaintiff requested a letter from UT discussing the tax allocation on the subject project, but EE intervened and refused to provide such a letter.  *Id*.  Thus, plaintiff brought suit against EE, and

EE counterclaimed for declaratory judgment, asking the Court to declare that a valid contract existed between EE and UT, and that UT retained the power to allocate deductions however it deemed fit. *Id*. The United States District Court for the Southern District of Texas granted summary judgment with regards to EE's counterclaims for declaratory judgment, stating the following:

> However, UT is not a party to this case. Therefore, the requested declaratory judgment would purport to establish that EE and UT have valid contractual obligations to each other, yet the judgment would not actually bind UT. As a result, any declaration would fail to create reciprocal obligations between EE and UT. Similarly, a declaration issued in UT's absence regarding what rights UT retains under the EPAC would be ineffective to establish those rights. Therefore, the requested declaratory judgment would be purely advisory in nature…Defendants have cited no authority to suggest that the court may issue a declaration effectively binding an absent party to a contract.

*Id*. Thus, the Court found that, "there is no justiciable controversy with respect to the subject of the declaratory judgment action." *Id*.

21. WAP is the successor in interest to W.A. Prewitt, Jr. TWC is the successor in interest to the other parties to the WAP Agreements. Thus, under the cases discussed above, any declaratory judgment action that is brought with respect to the WAP Agreements must include both WAP and TWC as parties, since those parties are the successors in interest to the original parties to the WAP Agreements, and the only parties with standing to contest the enforceability or validity of those agreements.

22. Prewitt Management was never a party to the WAP Agreements, is not the successor in interest to W.A. Prewitt, Jr., is not a third-party beneficiary to the WAP Agreements, and has never received payment from the Plaintiffs under those agreements. While Prewitt Management has brought counterclaims in this case, those counterclaims rightly belong to WAP, and should also be dismissed along with Plaintiffs' claims.

23.     Thus, there is no case or controversy between the Plaintiffs and Prewitt Management with regards to the WAP Agreements.  The actual case and controversy, if there is one, is between Plaintiffs and WAP, the parties to the WAP Agreements.  Any declarations issued by this Court while WAP is not a party to this litigation will be advisory and will not bind WAP.

WHEREFORE, these premises considered, Prewitt Management respectfully requests that this Court grant its motion for summary judgment because Prewitt Management is not a party to, a third-party beneficiary in, or a successor in interest to any of the parties to the WAP Agreements, and therefore there is no case or controversy between Plaintiffs and Prewitt Management with respect to the WAP Agreements.  Therefore, this Court should dismiss Plaintiffs' claims, and Prewitt Management's counterclaims, without prejudice to refiling same.

Respectfully submitted,

_____/s/   Roy L. Barrett_____
Roy L. Barrett
State Bar No. 01814000
John Hawkins
State Bar No. 09249300
John A. Powell
State Bar No. 24029775
Kristen A. Mynar
State Bar No. 24074785
of
NAMAN, HOWELL, SMITH & LEE, PLLC
400 Austin Avenue, Suite 800
P.O. Box 1470
Waco, Texas 76703-1470
V: (254) 755-4129
F: (254) 754-6331

Steve McConnico
State Bar No. 13450300
Sam Johnson
State Bar No. 10790600
of
SCOTT DOUGLASS McCONNICO
303 Colorado Street, Suite 2400
Austin, TX  78701
V: (512) 495-6300
F: (512) 495-6399

ATTORNEYS FOR DEFENDANT /
COUNTER-PLAINTIFF
PREWITT MANAGEMENT, INC.
AS GENERAL PARTNER OF WAP, LTD.,
A TEXAS LIMITED PARTNERSHIP

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was delivered via electronic filing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record, on this 12th day of February, 2018.

 /s/     Roy L. Barrett
Roy L. Barrett