# EXHIBIT K

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## Austin Division

| | |
|---|---|
| CHARTER COMMUNICATIONS, INC., and TIME WARNER CABLE TEXAS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>PREWITT MANAGEMENT, INC., as General Partner of WAP, Ltd., a Texas Limited Partnership,<br>Defendant. | Case No. 1:16-cv-1268-LY |

## DECLARATION OF GORDON HARP

I, Gordon Harp, declare and state the following:

1. I have personal knowledge of, or am otherwise informed concerning, the facts herein and could and would competently testify to them as necessary.

2. I have worked for Charter Communications, Inc. ("Charter") for 18 months. I currently hold the position of Area Vice President of Field Operations. In this role, I am responsible for, among other matters, interacting with municipalities in Texas and addressing any issues that arise with respect to Charter's franchise agreements and operations. Before that, I served as Regional Vice-President of Technical Operations for Time Warner Cable ("TWC") in the Texas region for five years. I also was involved with the Texas Cable Association as a member of their Board of Directors.

3. From my work, I am familiar with TWC's franchise agreements with local cities and eventually Charter's state-wide franchises, Charter's operations throughout the Texas, and Charter's obligations under the Texas Cable Act of 2005.

4. Based upon my review of Charter's files and upon my personal knowledge since Charter became the parent company in TWC in 2016, Charter first obtained a complete copy of the 1964 and 1971 agreements with W.A. Prewitt, Jr. in October 2016.

5. Charter currently is unaware of any other cable operator in Texas actually making regular payments to private entities in Texas pursuant to Section 66.004(f) of the Texas Cable Act.

6. Based upon my review of Charter's files and upon my personal knowledge, pursuant to its state-issued certificates of franchise authority with the State of Texas, Charter (formerly TWC) pays the Texas cities of Temple, Waco, McGregor, Bellmead, Woodway, and Beverly Hills franchise fees in an amount equal to five percent (5%) of Charter's gross revenue derived from Charter's operation of its cable system in those cities.

7. I understand from Charter's accounting personnel that Charter would incur substantial costs if it were required to continue paying WAP, Ltd. three percent of Charter's gross revenue derived from the six Texas cities mentioned above. These costs would be over $1 million a year, and likely would grow over time.

8. If Charter is required to pay these costs on top of the five percent franchise fees Charter already pays the municipalities, then Charter's competitive position in in the market will be harmed.

\* \* \*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury and upon personal knowledge that the foregoing is true and correct.

-3-

Executed on March 14, 2018.

By: _____
Gordon Harp
Charter Communications, Inc.