# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 8, 2024

Lyle W. Cayce
Clerk

_____

No. 23-50419
_____

Charter Communications, Incorporated; Time Warner Cable Texas, L.L.C.,

                              *Plaintiffs—Appellees*,

versus

Prewitt Management, Incorporated, *as General Partner of WAP, Limited, a Texas Limited Partnership*; WAP, Limited, *a Texas Limited Partnership*,

                              *Defendants—Appellants*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CV-1268
_____

Before Richman, *Chief Judge*, and Oldham and Ramirez, *Circuit Judges*.

Per Curiam:[*]

    Charter Communications, Inc. and Time Warner Cable Texas, L.L.C. (collectively, Charter) sued Prewitt Management, Inc. and WAP, Ltd. (collectively, Prewitt), alleging federal and state-law claims. Before trial,

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50419

Prewitt and Charter stipulated to the district court's jurisdiction. In its memorandum opinion and order, the district court did not address subject-matter jurisdiction and resolved the case on the merits in Charter's favor. Prewitt timely appealed.

Prewitt and Charter failed to "'distinctly and affirmatively allege' the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (brackets omitted) (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991)). So in fulfilling our "independent obligation to assess subject matter jurisdiction before exercising the judicial power," *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023), on April 3, 2024, we directed Prewitt and Charter to file letter briefs addressing the requirements of diversity jurisdiction under 28 U.S.C. § 1332(a). They did so on April 12, 2024.

Federal courts have subject-matter jurisdiction under 28 U.S.C. § 1332(a) "when the amount in controversy is satisfied and there is complete diversity of citizenship between the parties." *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). Parties are completely diverse if "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In this action, there are four parties—two corporations, one limited liability company (LLC), and one limited partnership (LP). Corporations are citizens of their state of incorporation and the state where they have their principal place of business. 28 U.S.C. § 1332(c)(1). LLCs are citizens of any state of which their members are citizens. *SXSW*, 83 F.4th at 407–08. And LPs are citizens of any state of which their partners are citizens. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).

The citizenship of Prewitt Management, Inc. has been adequately articulated.

No. 23-50419

Regarding Charter Communications, Inc., the citizenship allegations state that it is "a Missouri corporation with its principal offices in Stamford, Connecticut." Under § 1332(c)(1), a corporation is a citizen of "every State and foreign state" in which it (1) is incorporated, and (2) has its "principal place of business." Principal place of business is a term of art referring to where the "high level officers" of a corporation "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010); *see* 13F Charles Alan Wright et al., Federal Practice & Procedure § 3625 (3d ed.) (Apr. 2023 Update). Whether the "principal offices in Stamford, Connecticut" constitute Charter Communications, Inc.'s "principal place of business" under § 1332(c)(1) is unclear.

As for Time Warner Cable Texas, L.L.C., the parties stipulated[1] that it is "a Delaware limited liability company with its principal offices in St. Louis, Missouri." Charter's letter brief does not identify any existing allegations or evidence in the record demonstrating Time Warner Cable Texas, L.L.C.'s citizenship.[2] *See Howery*, 243 F.3d at 919. The identity of the members of the LLC and their citizenship for diversity purposes remain unclear. *See Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) ("A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation.").

---

[1] "[S]tipulations cannot create subject-matter jurisdiction." *Punch v. Bridenstine*, 945 F.3d 322, 330 (5th Cir. 2019).

[2] Charter submitted two exhibits with its letter brief to demonstrate Time Warner Cable Texas, L.L.C.'s citizenship. We cannot consider those exhibits here. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 315–16 (5th Cir. 2019).

No. 23-50419

Similarly with WAP, Ltd., the parties stipulated that it is "a Texas limited partnership, and its members are residents of Texas and California." Prewitt's letter brief points to an agreement in the record purporting to identify *some* of WAP, Ltd.'s partners. This record evidence is an executed agreement from 1995, which does not demonstrate the citizenship of all of WAP, Ltd.'s partners at the time this action commenced. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004) (reiterating the general rule that diversity jurisdiction is determined based on the parties' citizenships at the time of filing). Prewitt's letter brief acknowledges the record lacks distinctions between "citizenship and residence for the individual members" of WAP, Ltd. *See MidCap*, 929 F.3d at 313 (distinguishing citizenship and residency in this context). The identity of the partners of the LP and their citizenship for diversity purposes remain unclear. *See Settlement Funding*, 851 F.3d at 536.

"[W]here jurisdiction is not clear from the record, but there is . . . reason to believe that jurisdiction exists," remand to the district court for amendment of the jurisdictional allegations and supplementation of the record is appropriate.[3] *Molett v. Penrod Drilling Co.*, 872 F.2d 1221, 1228 (5th Cir. 1989) (per curiam); *see* 28 U.S.C. § 1653.

\* \* \*

Accordingly, we ORDER a limited remand to the district court to determine whether diversity jurisdiction exists. The Clerk of this court shall provide the district court with copies of our April 3, 2024 request for

---

[3] Charter alleges that federal-question jurisdiction also exists. The district court has not ruled on that question. Because "we are a court of review, not of first view," whether federal-question jurisdiction exists is best answered by the district court in the first instance. *Rutila v. Dep't of Transp.*, 12 F.4th 509, 511 n.3 (5th Cir. 2021) (citation and internal quotation marks omitted).

supplemental briefing, the parties' responses, and this opinion. We will retain the record unless it is requested by the district court. If the district court concludes that it has diversity jurisdiction, the Clerk of the district court shall promptly supplement the appellate record with copies of the new filings below and the district court's opinion on jurisdiction and forward the supplemental record to this court. Upon return to this court no further briefing will be necessary unless a party elects to appeal the district court's finding of jurisdiction, in which case supplemental letter briefs may be filed addressing this issue on a short briefing schedule to be established by the Clerk of this court. The case will be returned to this panel for disposition. If the district court concludes that it lacks jurisdiction, then it must vacate its judgment and dismiss the case.