IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHARTER COMMUNICATIONS, INC. and TIME WARNER CABLE TEXAS LLC, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:16-CV-1268-RP |
| PREWITT MANAGEMENT, INC., *as General Partner of WAP, Ltd., a Texas Limited Partnership*, and WAP, LTD., *a Texas Limited Partnership*, | § § § § § | |
| Defendants. | § § | |

**ORDER**

This case comes to the Court on limited remand from the Fifth Circuit. (*See* Dkt. 165). Having reviewed the record and the Fifth Circuit's opinion, the Court will order supplemental briefing from the parties on subject-matter jurisdiction.

**I. BACKGROUND**

Plaintiffs Charter Communications, Inc. and Time Warner Cable Texas LLC (collectively, "Charter") filed suit on December 2, 2016. (Compl., Dkt. 1). In their operative pleading—the Second Amended Complaint—Plaintiffs sought to recover sums improperly collected and to obtain a declaratory judgment that certain contracts were unenforceable under Texas law. (2d Am. Compl., Dkt. 72, at 13–18). In addition, Plaintiffs sought declaratory judgments that an ordinance at issue violated the Federal Cable Act, 47 U.S.C. § 542, as well as the U.S. Constitution's First Amendment, Equal Protection, and Contracts Clauses. (*Id.*). Plaintiffs alleged federal question jurisdiction because several causes of action arose under federal law and diversity jurisdiction because no parties are citizens of the same state and the amount in controversy exceeds $75,000. (*Id.*). The parties did not brief subject-matter jurisdiction further in district court proceedings.

1

This matter was initially assigned to U.S. District Judge Lee Yeakel, who oversaw the case from its inception in 2016 to its closure in 2023. The Court held a bench trial on August 21, 2018, (Dkt. 135), and issued findings of fact and conclusions of law on April 28, 2023, (Dkt. 152). The Court ruled in Charter's favor but disposed of the case solely on Charter's state law claims, omitting any analysis of Charter's declaratory judgment claims under federal law. (*Id.*). Defendants Prewitt Management, Inc. and WAP, Ltd. (collectively, "Prewitt") noticed an appeal. (Dkt. 155).

On appeal, the Fifth Circuit *sua sponte* ordered the parties to address the question of whether diversity jurisdiction exists. (Dkt. 165). The parties submitted supplemental briefing on the matter, but the Fifth Circuit found that the citizenship of Charter Communications, Inc., Time Warner Cable Texas, L.L.C., and WAP, Ltd. remained unclear. (*Id.* at 2–4). In a footnote, the Fifth Circuit acknowledged that Charter also alleges federal question jurisdiction but said that the question "is best answered by the district court in the first instance." (*Id.* at 4 n.3 (citation omitted)). The Fifth Circuit ordered this Court "to determine whether diversity jurisdiction exists." (*Id.* at 4).

Upon this (limited) remand, this case was reassigned to the docket of the undersigned.

## II. DISCUSSION

In light of the Fifth Circuit's limited remand, the Court will order the parties to file supplemental briefing on the existence of federal question and diversity jurisdiction. Namely, the parties shall address:

- Whether federal question jurisdiction arose under Charter's declaratory judgment claims, particularly in light of the Supreme Court's holdings in *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950), *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, (1983), and/or *Grable & Sons Mental Products. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005).
- Whether Charter's claims for money damages, (2d Am. Compl., Dkt. 72, at 18), were brought exclusively under state law or also entailed a federal law claim.
- In the case that there was federal question jurisdiction, whether the district court judge properly extended supplemental jurisdiction to the state law claims.
- Charter's principal place of business.

- The citizenship of every member of Plaintiff Time Warner Cable, Texas, L.L.C., including the sub-members of any limited liability companies.
- The identity of the partners of Defendant WAP, Ltd. and their citizenship at the time the second amended complaint was filed.
- Any other matters which may affect this Court's determination of federal question or diversity jurisdiction.

The parties shall file their supplemental briefing on or before **August 12, 2024**, at 5:00 p.m. C.T. The parties' submissions shall be no more than 10 pages each.[1] The parties may, but are not required to, file responsive briefing, due on or before **August 26, 2024**, limited to no more than 7 pages.

**SIGNED** on July 19, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[1] The parties may, if necessary, file a motion to exceed these page limits.