IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CHARTER COMMUNICATIONS, INC., et al. § <br>    Plaintiffs, § <br> § <br> v. §   NO. 1:16-CV-1268-RP <br> § <br> PREWITT MANAGEMENT, INC., et al. § <br>    Defendants, § | |

### DEFENDANTS' SUPPLEMENTAL FILING REGARDING JURISDICTION

TO THE HON. ROBERT PITMAN:

Defendants Prewitt Management, Incorporated, as General Partner of WAP, Limited, a Texas Limited Partnership; and WAP, Limited, a Texas Limited Partnership (together, "Prewitt") make this supplemental filing regarding subject-matter jurisdiction. As requested by the Court's July 19 Order (Dkt.166), this supplement will address federal question and diversity jurisdiction. In fact, there is no federal question jurisdiction in this case, so jurisdiction turns on whether there is complete diversity of citizenship of all plaintiffs and all defendants as reflected in the parties' supplemental filings.

### ARGUMENT

A.   Federal question jurisdiction

Plaintiffs Charter Communications, Inc. and Time Warner Cable Texas LLC (together, "Charter"), invoke federal law in several respects in their second amended complaint (Dkt.72), but none of the claims alleges federal question jurisdiction.

4878-3884-8467

1. <u>Declaratory judgment claims</u>

    a. <u>Standards for analyzing federal question jurisdiction in the context of declaratory judgment</u>

This court has federal question jurisdiction over any case that arises under federal law. 28 U.S.C. §1331. To determine whether a case arises under federal law, the court looks to the well-pleaded complaint rule, which "focuses on whether the plaintiff has affirmatively alleged a federal claim." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328 (5th Cir. 2008). Significant to this case, if the complaint raises only an anticipated defense, such as federal preemption, it does not satisfy the well-pleaded complaint rule. *Id.*; *see also Fabrique Inc. v. Corman*, 813 F.2d 725, 726 (5th Cir. 1987).

The Declaratory Judgment Act does not expand district courts' jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950); *Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997). Moreover, a plaintiff may not "evade the well-pleaded complaint rule by using the declaratory judgment remedy to recast what are in essence merely anticipated or potential federal defenses as affirmative claims for relief under federal law." *Barrois*, 533 F.3d at 329; *see Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 14 (1983) ("[I]f, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking."). In applying the well-pleaded complaint rule, courts flip the parties and ask whether, "if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question." *Franchise Tax Bd.*, 463 U.S. at 19. "A plaintiff cannot evade the well-pleaded complaint rule by using the declaratory

judgment remedy to recast what are in essence merely anticipated or potential federal defenses as affirmative claims for relief under federal law." *Barrois*, 533 F.3d at 329. Rather, to exercise federal question jurisdiction over a declaratory judgment claim, "the court must determine if there would be grounds for federal jurisdiction over a hypothetical suit that would have been brought absent the availability of declaratory relief." *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 938 (5th Cir. 2012).

Charter's declaratory judgment claims fail to meet that standard because they simply seek declarations of non-liability under its contract with Prewitt.

      b.    <u>Charter's declaratory judgment claims do not allege federal questions.</u>

Counts 1 through 5 of Charter's second amended complaint plead for declaratory judgment. Each count in essence seeks a declaration that Charter is not liable to Prewitt for contractual royalty payments relating to its continued cable service. (Dkt.72) ¶¶35-61. At core, therefore, the claims involve state law contract claims. None of the declaratory judgment claims supports federal question jurisdiction.

Counts 1 and 2 allege that agreements between the parties relating to cable service are unenforceable because the underlying city permits expired or because the agreements are indefinite in duration. ¶¶35-44. Each presents state law contract claims only, and neither claim cites to or purports to invoke federal law. Neither count purports to arise under federal law, and neither supports federal question jurisdiction.

The remaining declaratory judgment counts challenge the saving clause of the Texas Cable Act, which operates to preserve existing contractual franchise obligations. Tex. Util. Code §66.004(f). Each count cites to federal law as a purported basis for invalidating the

saving clause. Count 3 seeks a declaratory judgment that the saving clause is preempted by the Federal Cable Act and the Supremacy Clause of the United States Constitution. ¶¶45-50. Count 4 pleads for a declaratory judgment that the saving clause is unconstitutional and invalid under the First Amendment and Equal Protection clauses of the United States Constitution. ¶¶51-56. Count 5 pleads for a declaratory judgment that the saving clause is invalid because it violates the contracts clause of the United States Constitution. ¶¶57-61.

Counts 3-5, notwithstanding that each cites to federal law as a basis for invalidating the saving clause of the Texas Cable Act, do not support federal question jurisdiction. These declaratory judgment claims assert federal law as a defensive matter in an effort to preempt a Texas statute and thereby avoid liability under a contract, and that will not support federal question jurisdiction.

The true character of each claim entails a state law contract claim and thus does not create federal question jurisdiction. *See Barrois*, 533 F.3d at 328 (holding that "anticipated or potential defenses, including defenses based on federal preemption, do not provide a basis for federal question jurisdiction"); *see also Gaar v. Quirk*, 86 F.3d 451, 454 (5th Cir. 1996) ("When a declaratory judgment complaint essentially invokes a federal-law defense to a state-based claim, it is the character of the threatened state action that determines whether federal courts have jurisdiction.").

The Seventh Circuit has analyzed a similar declaratory judgment claim and held that a party's assertion that § 542(b) of the Federal Cable Act preempts a contractual royalty obligation is a defensive matter that does not establish federal question jurisdiction. *City of Chicago v. Comcast Cable Holdings LLC*, 384 F.3d 901, 904 (7th Cir. 2004) (The "federal

4

defense in § 542(b) does not supply jurisdiction if the claim itself rests on state or local law."). In *Comcast*, the city of Chicago sought a declaratory judgment in state court that cable operators must comply with a city ordinance requiring the operators to pay five percent of their gross revenues from services furnished over franchised cable. *Id*. at 903. The operators removed the suit, claiming that that the action arose under federal law because the demand for payment rests on § 542(a) "or because the meaning and effect of § 542(b) will be the only issue contested in the litigation." *Id*. The court concluded that the claim rested on a Chicago city ordinance and a series of contracts. *Id*. Though the contractual royalty obligation between the operators and Chicago was limited by § 542(b), that section does not "purport to override state law, let alone to deny states all power in the field." *Id*. at 904. "If § 542(b) makes the City's claim a federal one, then any statute preempting state law would allow removal, and decisions such as *Mottley*, *Gully*, and *Franchise Tax Board* would be overthrown." *Id*. at 905. The court determined there was no federal question jurisdiction and remanded the case to state court. *Id*.

Charter, like the cable operators in *Comcast*, seeks to use § 542(b) and other provisions of federal law defensively. It seeks declarations that its contracts with Prewitt are not preserved by the saving clause of the Texas Cable Act because it is preempted or invalidated by federal law. Like the *Comcast* claims that rested on city ordinances and not federal law, Charter's claims rest on its contracts and the Texas Cable Act, not federal law.

2. <u>Claim for money damages</u>

Count 6 in the second amended complaint is a claim for money damages. ¶¶62-63. Through it, Charter seeks to recover contractual royalties it paid to Prewitt in the time

5

period after "the City Permits Expired" when Prewitt was "not entitled to receive" continued royalty payments. *Id*. Count 6 does not specify the basis for the claim that Prewitt was no longer "entitled to receive" contractual royalties, but it could be any one of the grounds that Charter pleaded for declaratory judgment in Counts 1-5, including the two state law grounds alleged in Counts 1-2 or the federal law grounds alleged in Counts 3-5, all of which seek declarations of non-liability for continued contractual royalty payments. This Court asked the parties to brief whether the claim for money damages is "brought exclusively under state law or also entailed a federal law claim." Order.2. The claim does not entail a federal law claim that would support federal question jurisdiction.

In limited circumstances, a court may exercise federal question jurisdiction over a state-law claim in which the "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008). Sometimes called embedded-question jurisdiction, federal jurisdiction "over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005)). Jurisdiction is proper only "where all four of these requirements are met." *Id*. Charter's claim for money damages does not support embedded-question jurisdiction because it lacks at least two of the four *Gunn* elements.

First, "federal question jurisdiction exists where resolving a federal issue is <u>necessary</u> to resolution of the state-law claim." *Singh*, 538 F.3d at 339 (emphasis added).

No federal issue is necessary to resolution of Charter's claim for money damages because it could rest on either of the state law grounds Charter pleads in Counts 1 and 2: (1) the contracts ended by their own terms after the city cable franchise permits expired, or (2) the contracts are unenforceable because they are indefinite in duration. Federal law grounds alleged in Counts 3-5 are thus not <u>necessary</u> to the claim to recoup money damages.

Second, federal jurisdiction "demands not only a contested federal issue, but a <u>substantial</u> one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Singh*, 538 F.3d at 338 (emphasis added). When analyzing the substantiality element, "it is not enough that the federal issue be significant to the particular parties in the immediate suit." *Gunn*, 568 U.S. at 260. The substantiality inquiry "looks instead to the importance of the issue to the federal system as a whole." *Id*. There is not a substantial federal interest in Charter's claim for money damages. Like the claim in *Gunn*, which turned on specific facts pertaining to those parties, Charter's claims that the city permits were expired and thus the Prewitt contracts unenforceable are not significant to the federal system as a whole. *Gunn*, 568 U.S. at 264 (holding that "fact-bound and situation-specific effects are not sufficient to establish arising under jurisdiction").

Charter invokes federal law in its complaint, but there is, in fact, no federal-question jurisdiction over its claims. Jurisdiction in this court thus stands or falls on whether there is diversity of citizenship.

B.   Diversity Jurisdiction

1.   Applicable standards for diversity where trusts are involved

Diversity jurisdiction exists "where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000." *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 355 (5th Cir. 2017). "[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *SGK Properties, LLC v. U.S. Bank National Association*, 881 F.3d 933, 939 (5th Cir. 2018). The citizenship of an LLC for purposes of diversity is determined by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).

The Court asked that Prewitt provide "the identity of the partners of WAP, Ltd. and their citizenship at the time the second amended complaint was filed." Order.3 (Dkt.166). Some of the members of WAP, Ltd. are individuals, while others are family trusts. For purposes of diversity, the citizenship of a trust is sometimes determined by the citizenship of the trustee and sometimes by the citizenship of each of its beneficiaries. For purposes of establishing diversity jurisdiction, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). In *Navarro*, the Court stated that "a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Id*. at 464. "On the other hand, an unincorporated legal entity such as a trust 'possesse[s] the citizenship of its members.'" *Schaffer v. U.S. Bank Trust N.A*., 1:17–cv–297–RP, 2017

8

Case 1:16-cv-01268-RP   Document 169   Filed 08/12/24   Page 9 of 11

WL 6029646 at *2 (W.D. Tex. Dec. 5, 2017) (quoting *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016)).

When analyzing the citizenship of trusts for diversity purposes, the Fifth Circuit has declined to rely on the distinction between "traditional" trusts, which are more of a fiduciary relationship, and "business" trusts, which are unincorporated entities. *Bynane*, 866 F.3d at 358 ("Putting aside the fact that a business trust and a traditional trust lack clear definitions and the line between them is blurry at best, the characterization of the trust as a business or traditional trust is not dispositive."). Instead, *Bynane* explained that the *Navarro* rule applies, and the trustee's citizenship controls for diversity purposes, if the trustee sues or is sued in its own name, and "it has sufficiently real and substantial control over the trust's assets." *Bynane*, 866 F.3d at 358-59. Similarly, this Court has focused on the trustee's authority: "In *Navarro*, the U.S. Supreme Court stated that 'a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others.'" *Schaffer*, 2017 WL 6029646 at *2 (quoting *Navarro*, 446 U.S. at 464).

It is not entirely clear which rule applies here. None of the trustees is named as a party. The family trusts are relevant to diversity jurisdiction only because they are members of WAP, Ltd., which is named as a party. If the *Navarro* rule requires trustees to be named as parties, then that rule does not apply and diversity considers the citizenship of all of the trust beneficiaries. But if the ultimate inquiry turns on whether the trustees are the real parties in interest with "sufficiently real and substantial control over the trust's assets," *Bynane*, 866 F.3d at 358-59, then diversity looks to the citizenship of the trustees only.

9

4878-3884-8467

Because of this uncertainty, Prewitt will provide the citizenship information for both the trustees and the beneficiaries of the family trusts that are members of WAP, Ltd.

2. <u>Identity and citizenship of all members of WAP, ltd.</u>

The attached declaration of Penny Prewitt Jones, Exhibit A, and its exhibits identify and provide the citizenship of all of the members of WAP, Ltd. when suit was filed in 2016 and when the second amended complaint was filed in 2018. Exhibit A-1 sets out the identity and citizenship of all individual members and the trustees of all trusts that are members of WAP. Exhibit A-2 sets out the identity and citizenship of all individual members and the beneficiaries of all trusts that are members of WAP, with one exception. The location of one trust beneficiary, Caleb Redden, is unknown as of these dates. Exhibit A-3 includes the trust creation documents for the trusts that are members of WAP. They reflect the scope of authority and control of the trustees of the family trusts so the court may determine, if necessary, whether the trustees have the requisite control to be real parties in interest.

The evidence thus reflects that, except for the one missing beneficiary, members of WAP Ltd. are citizens of the following states at the relevant times: Texas, California, Washington, Arkansas, and Arizona.

Respectfully submitted,

SCOTT DOUGLASS & McCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas  78701
(512) 495-6300 Telephone
(512) 495-6399 Fax

By:     */s/ Jane Webre*
       Sam Johnson
       Texas State Bar No. 10790600
       sjohnson@scottdoug.com
       Jane Webre
       Texas State Bar No. 21050060
       jwebre@scottdoug.com

Roy L. Barrett
State Bar No. 01814000
NAMAN HOWELL SMITH & LEE, PLLC
400 Austin Avenue, Suite 800
P.O. Box 1470
Waco, Texas 76703-1470
(254) 755-4129
(254) 754-6331 (Fax)

ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

    I certify that on August 12, 2024, I electronically filed the foregoing document with the clerk of Court using the CM/ECF system which will send notification of the filing to all counsel of record.


       */s/  Jane Webre*
       Jane Webre

4878-3884-8467