# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DYLAN KROHN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| **SPECTRUM GULF COAST, LLC** | § | _____ |
| **and** | § | |
| **CHARTER COMMUNICATIONS, LLC,** | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1332, 1441, 1446, in addition to Local Rule 81.1, Defendants Spectrum Gulf Coast, LLC and Charter Communications, LLC ("Defendants") file this Notice of Removal. Defendants remove this action from the 193rd District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. The Northern District of Texas has jurisdiction over this action based on diversity jurisdiction, 28 U.S.C. § 1332, as shown by the following:

1.   On or about September 11, 2018, Plaintiff Dylan Krohn ("Plaintiff") filed his Original Petition and Jury Demand, Cause No. DC-18-13316, 193rd District Court, Dallas County, Texas (the "State Court Action") naming Time Warner Cable Texas LLC d/b/a Spectrum and Charter Communications, LLC as Defendants.

2.   Time Warner Cable Texas LLC d/b/a Spectrum no longer exists. On February 8, 2018, the entity was converted to Spectrum Gulf Coast, LLC, which is incorporated in Delaware

and has a corporate headquarters located in St. Louis, Missouri. Accordingly, Defendants have amended the caption to name the correct legal entity.

3. Plaintiff states in his Petition that he is seeking monetary relief that exceeds the amount in controversy requirement for removal. *See* Plaintiff's Original Petition at ¶ 32, attached as Exhibit A to Index of Documents filed with Defendants' Notice of Removal (alleging that Defendants have failed to pay sales commissions owed in the amount of $222,000.00).

4. Defendants were served with a copy of the Summons and Complaint on September 18, 2018. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of receipt of the Petition.

5. On October 12, 2018, Defendants filed their Answer generally denying Plaintiff's claims and asserting various affirmative defenses.

6. At the time of the commencement of this action and at the time of removal, Plaintiff is a citizen of Dallas County, Texas and is therefore a citizen of Texas.

7. At the time of the commencement of this action and at the time of removal, Defendant Spectrum Gulf Coast LLC is a limited liability company organized under the laws of Delaware with its principle office located at 12405 Powerscourt Drive, St. Louis, Missouri 63131, and therefore is a citizen of Delaware and Missouri.

8. At the time of the commencement of this action and at the time of removal, Defendant Charter Communications, LLC is a limited liability company organized under the laws of Delaware with its principle office located at 12405 Powerscourt Drive, St. Louis, Missouri 63131, and therefore is a citizen of Delaware and Missouri.

9. Accordingly, this Court has jurisdiction over this action, and the action is removable because (1) Plaintiff has alleged an amount in controversy that exceeds $75,000, and (2) complete diversity exists. 28 U.S.C. § 1332(a).

10. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the state court where the suit is pending is located in this district.

11. Defendants state that this removal is well grounded in fact, warranted by existing law, and not interposed for any improper purpose.

12. Concurrent with this filing of this notice, Defendants are serving this notice upon Plaintiff's counsel and filing a copy of the notice with the Clerk of Court of the District Court of Dallas County, Texas.

13. Pursuant to Local Rule 81.1, Defendants file its Civil Cover Sheet and its Supplemental Cover Sheet contemporaneously herewith. Defendants also file the following documents: (1) Defendants' Certificate of Interested Persons; (2) and index of all documents that clearly identifies each document and indicates the date the document was filed in state court; (3) a copy of the docket sheet in the State Court Action, attached to Defendants' Index as Exhibit H; and (4) each document filed in the State Court Action attached to Defendants' Index as Exhibits A–G.

14. Plaintiff demanded a jury in the State Court Action.

**WHEREFORE,** Defendants remove this action from the 193rd District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division and respectfully request that this Court assume full jurisdiction over this action.

Dated:  October 15, 2018					Respectfully submitted,

                */s/ Paulo B. McKeeby*
                Paulo B. McKeeby
                TX State Bar No. 00784571
                Michael A. Correll
                TX State Bar No. 24069537
                Aimee M. Raimer
                TX State Bar No. 24081275
                **MORGAN, LEWIS & BOCKIUS LLP**
                1717 Main Street, Suite 3200
                Dallas, TX  75201
                Tel:	214-466-4000
                Fax:	214-466-4001
                paulo.mckeeby@morganlewis.com
                michael.correll@morganlewis.com
                aimee.raimer@morganlewis.com

                **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record via the Court's CM/ECF System on this 15th day of October, 2018, as follows:

  Christine Neill
  Jane Legler Byrne
  Neill & Byrne, PLLC
  3141 Hood Street, Suite 310
  Dallas, TX  75219
  cneill@neillbyrnelaw.com
  jleglerbyrne@neillbyrnelaw.com

                */s/ Paulo B. McKeeby*
                Paulo B. McKeeby

# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| DYLAN KROHN | § § § § | |
| v. | § § | CASE NO. 3:18-CV-2722-S |
| SPECTRUM GULF COAST, LLC, et al. | § § § § | |

## ORDER

On October 15, 2018, Defendants Spectrum Gulf Coast, LLC and Charter Communications, LLC removed the above-captioned case to this Court on the basis of federal diversity jurisdiction [ECF No. 1]. Defendants failed to state that all of the members of Spectrum Gulf Coast and Charter Communications, both of which are LLCs, are diverse from Plaintiff such that the Court has diversity jurisdiction over the action. Accordingly, this Court requires Defendants to show cause in writing why the Court should not remand the case for want of jurisdiction.

Defendants shall have thirty (30) days from the date of this Order to show cause in writing why the Court should not remand the case for want of jurisdiction.

**SO ORDERED.**

SIGNED October 22, 2018.

*/s/ Karen Gren Scholer*

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| DYLAN KROHN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:18-cv-02722-S |
| § | |
| SPECTRUM GULF COAST, LLC § | |
| and § | |
| CHARTER COMMUNICATIONS, LLC, § | |
| § | |
| Defendants. § | |

## DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE

In response to the Court's Order to Show Cause (ECF No. 5), Defendants provide the following additional information to supplement their Notice of Removal (ECF No. 1):

1. At the time of the commencement of this action and at the time of removal, the 100% sole member of Defendant Spectrum Gulf Coast, LLC is Time Warner Cable Enterprises LLC, which is a limited liability company organized under the laws of Delaware with its principle office located in Missouri.

2. At the time of the commencement of this action and at the time of removal, the 100% sole member of Time Warner Cable Enterprises LLC is Time Warner Cable, LLC, which is a limited liability company organized under the laws of Delaware with its principle office located in Missouri.

3. At the time of the commencement of this action and at the time of removal, the 100% sole member of Time Warner Cable, LLC is Charter Communications Operating, LLC,

which is a limited liability company organized under the laws of Delaware with its principle office located in Missouri.

4.   At the time of the commencement of this action and at the time of removal, the 100% sole member of Defendant Charter Communications, LLC is Charter Communications Operating, LLC, which, as indicated above, is a limited liability company organized under the laws of Delaware with its principle office located in Missouri.

5.   At the time of the commencement of this action and at the time of removal, the 100% sole member of Charter Communications Operating, LLC is CCO Holdings, LLC, which is a limited liability company organized under the laws of Delaware with its principle office located in Missouri.

6.   At the time of the commencement of this action and at the time of removal, the 100% sole member of CCO Holdings, LLC is CCH II, LLC, a limited liability company organized under the laws of Delaware with its principle office located in Missouri.

7.   At the time of the commencement of this action and at the time of removal, the 100% sole member of CCH II, LLC is CCH I, LLC, a limited liability company organized under the laws of Delaware with its principle office located in Missouri.

8.   At the time of the commencement of this action and at the time of removal, the 100% sole member of CCH I, LLC is CCH I Holdings, LLC, a limited liability company organized under the laws of Delaware with its principle office located in Missouri.

9.   At the time of the commencement of this action and at the time of removal, the 100% sole member of CCH I Holdings, LLC is CCHC, LLC, a limited liability company organized under the laws of Delaware with its principle office located in Missouri.

10. At the time of the commencement of this action and at the time of removal, the 100% sole member of CCHC, LLC is Charter Communications Holding Company, LLC, a limited liability company organized under the laws of Delaware with its principle office located in Missouri.

11. At the time of the commencement of this action and at the time of removal, the members of Charter Communications Holding Company, LLC are Charter Communications, Inc., a publicly held Delaware corporation with its principal place of business in Connecticut, and Charter Investment, Inc., a privately held Delaware corporation with its principle office located in Washington.

12. The LLC entities listed above are all indirect subsidiaries of and managed by Charter Communications, Inc.

13. Based on the foregoing, all of the members of Defendant Spectrum Gulf Coast, LLC and Defendant Charter Communications, LLC are diverse from Plaintiff, who is a citizen of Texas.

14. Accordingly, this Court has jurisdiction over this action, and the action is removable because (1) Plaintiff has alleged an amount in controversy that exceeds $75,000, and (2) complete diversity exists.  28 U.S.C. § 1332(a).

**WHEREFORE,** Defendants respectfully request that this Court assume full jurisdiction over this action.

Dated:  November 20, 2018

Respectfully submitted,

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby
TX State Bar No. 00784571
Michael A. Correll
TX State Bar No. 24069537
Aimee M. Raimer
TX State Bar No. 24081275
**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 3200
Dallas, TX  75201
Tel:     214-466-4000
Fax:    214-466-4001
paulo.mckeeby@morganlewis.com
michael.correll@morganlewis.com
aimee.raimer@morganlewis.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record via the Court's CM/ECF System on this 20th day of November, 2018, as follows:

>Christine Neill
>Jane Legler Byrne
>Neill & Byrne, PLLC
>3141 Hood Street, Suite 310
>Dallas, TX  75219
>cneill@neillbyrnelaw.com
>jleglerbyrne@neillbyrnelaw.com

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby