UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
Austin Division

| | |
|---|---|
| CHARTER COMMUNICATIONS, INC., and TIME WARNER CABLE TEXAS LLC (n/k/a SPECTRUM GULF COAST, LLC),<br><br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>PREWITT MANAGEMENT, INC., as General Partner of WAP, Ltd., a Texas Limited Partnership, and WAP, LTD., a Texas Limited Partnership,<br><br>Defendants/Counterclaimants. | Case No. 1:16-cv-1268-RP |

**PLAINTIFFS/COUNTER-DEFENDANTS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Pursuant to 28 U.S.C. § 1653 and Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs/Counter-Defendants Charter Communications, Inc. ("CCI") and Time Warner Cable Texas LLC ("TWC") (n/k/a Spectrum Gulf Coast, LLC) (collectively, "Charter" or "Plaintiffs"), move for leave to amend their complaint to clarify jurisdictional allegations contained in the Second Amended Complaint ("SAC") (Dkt. 72), specifically to further clarify that complete diversity existed between the parties at the time the SAC was filed.[1]

**INTRODUCTION**

Following a limited remand from the Fifth Circuit, the parties submitted supplemental briefing regarding subject matter jurisdiction on August 12, 2024, as directed by this Court. In its supplemental brief, Charter explained why this Court had – and continues to have – both federal

---

[1] Plaintiffs' proposed Third Amended Complaint is attached as Exhibit ("Ex.") A.

-1-

question and diversity jurisdiction over this action. Dkt. 170. Charter now seeks leave under 28 U.S.C. § 1653 and Rule 15(a)(2) of the Federal Rules of Civil Procedure to amend its SAC to ensure that it has alleged clear, distinct, and precise affirmative jurisdictional allegations, and to remove any doubt whatsoever that diversity jurisdiction existed over this action, and still does. The Court should freely grant Charter's request under Section 1653's lenient standard, particularly in light of Defendants' newfound allegations regarding the citizenship of Defendant WAP, Ltd. ("WAP")—which they have asserted for the first time in their supplemental briefing, and which conflict with their earlier filings and evidence regarding the membership of WAP.

Charter does not seek to amend the SAC to delay or for any other improper motive. Charter's proposed Third Amended Complaint simply clarifies the jurisdictional allegations in the SAC by averring more specific facts that confirm complete diversity existed between the parties at the time the SAC was filed. Indeed, Defendants' counsel stated that Defendants do not oppose Charter seeking leave to file an amended complaint containing amended jurisdictional allegations, and Defendants' counsel did not take any position when Charter's counsel provided an advance copy of the proposed Third Amended Complaint.

Judicial economy further supports granting Charter leave to amend the SAC. Granting Charter leave to clarify the undisputed jurisdictional facts will allow the Court to promptly resolve this case after nearly a decade of litigation involving years of discovery, trial, and appeal.

The Court should grant Charter leave to amend its Complaint.

## BACKGROUND

On February 16, 2018, after more than a year of litigation between only Charter and Defendant Prewitt Management, Inc. ("PMI"), WAP moved for leave to intervene. Dkt. 46. WAP repeatedly argued that "allowing WAP to intervene w[ould] not negatively impact any parties to the present litigation," that it would "increase judicial efficiency," *id*. at 2, and that *not* permitting

WAP's intervention "would violate WAP's fundamental right to due process *and would prevent the court from having jurisdiction over WAP*," Dkt. 56 at 3, 7, 11 (emphasis added). With its motion to intervene, WAP also attached a copy of its 1995 Limited Partnership Agreement, which listed its general and limited partners. Dkt. 46-3; *see* Dkt. 136-14 at 165-201.[2]

Charter opposed WAP's intervention. Dkt. 52. After a hearing (Dkt. 163), the Court granted WAP's motion and expressly ordered Charter "to file an amended complaint naming WAP, Ltd. as a defendant." Dkt. 69 at 2. So, as directed by the Court, Charter filed its SAC – the operative pleading—on March 29, 2018. Dkt. 72.

Charter asserted five affirmative claims for declaratory relief and one claim for money had and received, all of which presented federal claims and issues. *Id*. ¶ 32. For its declaratory judgment claims, Charter sought affirmative declarations that applying Section 66.004(f) of the Texas Cable Act (Tex. Util. Code § 66.004(f)) to extend its payment obligations for the terminated city permits violated its rights under federal law. *Id*. ¶¶ 45-61. Charter specifically sought declarations that Defendants' application of the Texas Cable Act violated, and was preempted by, the federal Cable Act's cap on franchise fees, and further violated Charter's rights under the First Amendment, Equal Protection Clause, and Federal Contracts Clause by discriminating against Charter and perpetuating its payment obligations. *See id.* And in its money had and received claim, Charter alleged it had to pay Defendants over "$12 million" they "were not entitled to" under Texas and federal laws. *Id*. ¶ 63.

Charter further alleged that the Court had subject matter jurisdiction based on diversity jurisdiction. At the time of filing the SAC, CCI was a corporation formed under the laws of

---

[2] Defendants have never provided or filed any subsequent or amended version of the WAP partnership agreement.

Delaware with its principal place of business in Connecticut. Dkt. 170-1 (Decl. of J. Smith) ¶ 4; Dkt. 96 ¶ 3; Dkt.136-4; Dkt. 136-5. TWC, meanwhile, was a limited liability company that had members ultimately traceable to three entities incorporated and with their principal places of business in Connecticut, New York, and Delaware. Dkt. 170-1 ¶ 6; Dkt. 72 ¶ 8; Dkt. 96 ¶ 4.

Defendant PMI was a corporation formed and with its principal place of business in Texas. *See* Dkt. 72 ¶ 9; Dkt. 96 ¶ 6; Dkt. 136-14 at 160-64, 202-06.

Charter further alleged – based on WAP's 1995 Limited Partnership Agreement (Dkt. 46-3) – that WAP was a partnership whose partners were PMI as well as certain natural persons and trustees domiciled in Texas and California. Dkt. 72 ¶ 9; Dkt. 96 ¶ 7 (joint stipulation that WAP's partners resided in Texas and California); Dkt. 136-14 at 167-68. Charter also alleged that the amount in controversy exceeded "$12 million." Dkt. 72 ¶¶ 2 & 63.

Charter extensively briefed and argued its federal claims before, during, and after trial. Dkt. 72; Dkt. 98; Dkt. 100; Dkt. 139 at 19-21 (Charter arguing at trial the Texas Cable Act "runs afoul" and "violate[s]" its rights under federal law).[3] No party challenged the Court's jurisdiction on any basis (including when WAP moved to intervene), and it proceeded through motions practice, full discovery, and trial. And then, years after trial, the Court ruled in Charter's favor, holding that, "under the Agreements," Charter's payment obligations ended when it replaced the prior city permits with the new permits required by the Texas Cable Act. Dkt. 152. In so ruling, the Court implicitly found it had jurisdiction based on the parties' factual stipulations, but did not address the issue explicitly as no party contested the Court's authority to rule on the merits.

---

[3] Defendants too argued this was "a complicated case involving complex constitutional issues, statutory issues, and common law issues." Dkt. 57 at 4.

Defendants appealed the Court's ruling. Dkt. 155. On appeal, the Fifth Circuit remanded for this Court to "determine whether diversity jurisdiction exists." Dkt. 165. On remand, the Court ordered supplemental briefing on diversity and federal question jurisdiction. Dkt. 166. On August 12, 2024, the parties filed their briefs regarding subject matter jurisdiction. Dkt. 169 & 170. With their filing, Defendants for the first time in this entire litigation (and more than five years after Charter filed its SAC) alleged that as of the filing of Charter's SAC (March 2018), WAP's partners included individuals and family trusts domiciled in Washington, Arizona, and Arkansas, rather than only Texas and California. Dkt. 169 at 8 & 10; Dkt. 169-1.[4]

Defendants did not, however, dispute that complete diversity existed at the time of Charter's SAC. Dkt. 169-1 at 8-10.

**STANDARD**

Under 28 U.S.C. § 1653, jurisdictional allegations "may be amended, upon terms, in the trial or appellate court." 28 U.S.C. § 1653; *see Wesdem, L.L.C. v. Ill. Tool Works, Inc.*, 70 F.4th 285, 290 n.3 (5th Cir. 2023) (explaining that "jurisdictional pleadings may be amended, even on appeal."); *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000) ("We have repeatedly noted that § 1653 is to be broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds."). As such, courts "equate" Section 1653 with Rule 15(a), which permits a party to amend its pleadings with the opposing party's written consent or the court's leave, and the court "should freely give leave when justice so requires." *Lumpkins v. Off. of Cmty. Dev.*, 621 F. App'x 264, 270 (5th Cir. 2015); Fed. R. Civ. P. 15(a)(2).

---

[4] The only "evidence" in support of these newfound allegations regarding the partners of WAP was an August 10, 2024, declaration by a Prewitt family member—not any updated partnership agreement subsequent to the 1995 Partnership Agreement WAP attached to its motion to intervene and that was admitted into evidence. Dkt. 46-3; Dkt. 136-14 at 165-201.

Leave to amend jurisdictional allegations therefore "is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile." *SXSW, LLC v. Fed. Ins.*, No. 1:21-CV-00900-RP, 2023 WL 7276499, at *2 (W.D. Tex. Nov. 3, 2023), *R&R adopted*, 2023 WL 7649389 (W.D. Tex. Nov. 14, 2023) (Pitman, J.) (quoting *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009)). Considerations of "judicial economy and effective case management" further weigh in favor of granting leave to amend jurisdictional allegations. *Lumpkins*, 621 F. App'x at 270. Applying these standards, the Court should grant Charter leave to file its Third Amended Complaint.

## ARGUMENT

Good cause exists for granting Charter's motion to amend. Charter's proposed Third Amended Complaint (Ex. A) simply clarifies jurisdictional allegations from the operative SAC "by averring more specific facts" that confirm complete diversity existed between the parties at the time the SAC was filed in March 2018. *See SXSW*, 2023 WL 7276499, at *2-4 (granting leave to file amended complaint and confirming that diversity jurisdiction exists), *R&R adopted*, 2023 WL 7649389 (W.D. Tex. Nov. 14, 2023) (Pitman, J.); *SXSW, L.L.C. v. Fed. Ins. Co.*, No. 22-50933, 2024 WL 1216560, at *2 (5th Cir. Mar. 21, 2024) ("Having reviewed the amended complaint, we are now assured of our jurisdiction.").

Indeed, Charter's proposed Third Amended Complaint specifically addresses the diversity jurisdiction issues identified in the Fifth Circuit's limited remand order and this Court's July 22, 2024, Order (Dkt. 166). The Third Amended Complaint includes amendments that:

- Identify CCI's state of incorporation and state of principal place of business as of March 29, 2018, *see* Third Am. Cmplt ¶ 2(a);

- Identify the members and sub-members of TWC and their citizenship as of the date the SAC was filed, *id.* ¶ 2(b) & its Ex. C;

- Allege the members of WAP and their citizenship as of the date the SAC was filed, *see id*. ¶ 2(d), based on additional information from Defendants filed on August 13, 2024 (Dkt. 169 at 10); and

- Clarify there was complete diversity of citizenship between the parties as of the SAC's filing date, because PMI and WAP were citizens of Texas and California, and Plaintiffs CCI and TWC were (and still are) citizens of Delaware, Connecticut, and New York, *id*. ¶ 2.[5]

The only substantive differences between Charter's SAC and its proposed Third Amended Complaint are the title, paragraph 2, and the addition of an Exhibit C, which identifies the names and citizenships of TWC's partners and members (and sub-members) as of March 29, 2018.

Because Charter only seeks to confirm "jurisdiction that actually exists," not to correct "defects in the jurisdictional facts themselves," its motion should be readily granted. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989).

Nor is this Motion brought for any purposes of delay or in any way that would prejudice Defendants, who have never contested the existence of diversity jurisdiction in this entire litigation, including when they moved for WAP to intervene as a defendant in February 2018. Dkt. 46 & 56. Even in their August 12, 2024, Supplemental Filing Regarding Jurisdiction, Defendants did not dispute that complete diversity exists by alleging that, at the time of the SAC, Defendants were citizens of Texas, California, Washington, Arkansas, and Arizona. Dkt. 169 at 10. Moreover, Charter's counsel repeatedly has conferred with counsel for Defendants in advance of this filing (including by providing counsel with the proposed Third Amended Complaint), and Defendants counsel stated that Defendants did not oppose, in principle, Charter filing an amended complaint with amended jurisdictional allegations.

---

[5] Based on new information provided by WAP (Dkt. 169 at 10; Dkt. 169-1), as of the date of Plaintiffs' SAC (Dkt. 72), WAP's partners included individuals and trusts domiciled in Texas, California, Washington, Arizona, and Arkansas. Complete diversity exists here even if WAP is also a citizen of Washington, Arizona, and Arkansas.

Judicial economy further supports granting leave, because after eight years of litigation, all parties are eager for the Fifth Circuit's decision on the merits. *See Caldwell Wholesale Co, LLC v. R J Reynolds Tobacco Co.*, 781 F. App'x 289, 292 n.1 (5th Cir. 2019) (per curiam) (granting motion to amend complaint to allege the citizenship of "the individuals who make up [its] ownership"); *Burdett v. Remington Arms Co., LLC*, 854 F.3d 733, 734 n.1 (5th Cir. 2017) (accepting Section 1653 pleading amendment and concluding diversity jurisdiction existed); *Warren v. Bank of America, N.A.*, 717 F. App'x 474, 475 n.4 (5th Cir. 2018) (per curiam) (same); *SXSW*, 2023 WL 7649389 (W.D. Tex. Nov. 14, 2023) (Pitman, J.).  Indeed, the Court previously decided this case based on a full record and after years of discovery and a trial.  That decision came years after the trial, and the prior judge who presided is now retired.  Given Charter only seeks to make limited technical amendments that merely confirm facts that existed at the time of filing, which will further an efficient and expedited closure of the litigation as a whole, the Court should grant its motion to amend.

## CONCLUSION

The Court should grant this Motion and docket Charter's Third Amended Complaint contained in Exhibit A.

Dated:  August 20, 2024            Respectfully submitted,

By  /s/ *Paul A. Werner*

Paul A. Werner
Abraham J. Shanedling
Steven P. Hollman (admitted *pro hac vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C.  20006-6801
202.747.1941 Telephone
pwerner@sheppardmullin.com
ashanedling@sheppardmullin.com
shollman@sheppardmullin.com

D. Douglas Brothers (State Bar No. 03084500)
GEORGE, BROTHERS, KINCAID & HORTON LLP
114 W 7th Street, Suite 625
Austin, Texas 78701
512.495.1446 Telephone
dbrothers@gbkh.com

*Counsel for Plaintiffs/Counter-Defendants*
*Charter Communications, Inc. and*
*Time Warner Cable Texas LLC*
*(n/k/a Spectrum Gulf Coast, LLC)*

**CERTIFICATE OF CONFERENCE**

I hereby certify that, pursuant to Local Rule CV-7(g), on August 7, 16, 17, and 19, 2024, I conferred with counsel for Defendants regarding Charter's intention to file this Motion for Leave to File Third Amended Complaint.  On August 7 and 17, 2024, Defendants' counsel stated that Defendants did not oppose Charter seeking leave to amend its complaint so long as the only proposed amendments to the complaint were directed to the jurisdictional allegations pertaining to diversity jurisdiction.  However, when undersigned counsel shared a draft of the proposed amended pleading on August 16 and requested confirmation as to Defendants' position, Defendants' counsel contested certain of the allegations containing legal conclusions. When undersigned counsel sent a revised draft of Charter's proposed Third Amended Complaint to Defendants' counsel on August 19, Defendants' counsel did not state whether Defendants opposed.

/s/ *Steven P. Hollman*
Steven P. Hollman

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2024, I caused the foregoing to be served on all record counsel via the Court's CM/ECF system.

/s/ *Paul A. Werner*
Paul A. Werner