UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
Austin Division

| | |
|---|---|
| CHARTER COMMUNICATIONS, INC., and TIME WARNER CABLE TEXAS LLC (n/k/a SPECTRUM GULF COAST, LLC),<br><br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>PREWITT MANAGEMENT, INC., as General Partner of WAP, Ltd., a Texas Limited Partnership, and WAP, LTD., a Texas Limited Partnership,<br><br>Defendants/Counterclaimants. | Case No. 1:16-cv-1268-RP |

**PLAINTIFFS/COUNTER-DEFENDANTS' RESPONSE TO DEFENDANTS/
COUNTERCLAIMANTS' SUPPLEMENTAL BRIEF ON JURISDICTION**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................1

ARGUMENT........................................................................................................................1

    I.        The Court Properly Exercised Diversity Jurisdiction. ............................................1

            A.  Complete Diversity Existed Because The Prewitt Trustees Were WAP's Partners, Not The Trusts Themselves. .........................................................2

            B.  Defendants' New Contention That The Trusts Were Also Partners Of WAP Is Moot–Complete Diversity Existed Even If The Prewitt Trusts Were WAP's Partners. ..................................................................................4

    II.       The Court Properly Exercised Federal Question Jurisdiction.................................5

            A.  The Court Had Federal Question Jurisdiction Over Charter's Declaratory Judgment Claims............................................................................5

            B.  The Court Had Federal Question Jurisdiction Over Charter's Money Damages Claim. ...........................................................................................7

CONCLUSION......................................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Hometown 2006-1 1925 Valley View, L.L.C. v. Prime Income Asset Mgmt., L.L.C.*,
   847 F.3d 302 (5th Cir. 2017) ...................................................................................................2, 3

*Bd. of Commr's. of Se. La. Flood Prot. Auth.-E. v. Tenn. Gas Pipeline Co., L.L.C.*,
   850 F.3d 714 (5th Cir. 2017) ...........................................................................................................7

*City of Chicago v. Comcast Cable Holdings, L.L.C.*,
   384 F.3d 901 (7th Cir. 2004) ...........................................................................................................6

*Dawson v. Wal-Mart Stores, Inc.*,
   No. 4:23-CV-458-SDJ, 2023 WL 4303639 (E.D. Tex. June 30, 2023) ..............................4, 5

*Gaar v. Quirk*,
   86 F.3d 451 (5th Cir. 1996) .............................................................................................................6

*Goldstein v. Forcepoint LLC*,
   No. 1:17-CV-1194-RP, 2024 WL 2155273 (W.D. Tex. Apr. 16, 2024) ...................................2

*Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*,
   545 U.S. 308 (2005) ..........................................................................................................................7

*Harvey v. Grey Wolf Drilling Co.*,
   542 F.3d 1077 (5th Cir. 2008) .........................................................................................................3

*Huie v. DeShazo*,
   922 S.W.2d 920 (Tex. 1996) ...........................................................................................................5

*Lake Passage Tr. v. HSBC Bank USA, N.A.*,
   No. 4:20-CV-03474, 2021 WL 1526792 (S.D. Tex. Apr. 19, 2021) ........................................4

*New Orleans & Gulf Coast Ry. Co. v. Barrois*,
   533 F.3d 321 (5th Cir. 2008) ...........................................................................................................6

*Newport RE Grp., LLC v. Mayer*,
   No. 3:18-CV-02728-X, 2019 WL 13202216 (N.D. Tex. Oct. 3, 2019) ..............................4, 5

*Puerto Rico Prop's., LLC v. BPP Retail Prop's., LLC*,
   No. CV171199PADMEL, 2017 WL 9732563 (D.P.R. Dec. 13, 2017) ...................................3

*Self-Ins. Inst. of Am., Inc. v. Korioth*,
   993 F.2d 479 (5th Cir. 1993) ...........................................................................................................6

*Shaw v. Delta Air Lines, Inc.*,
   463 U.S. 85 (1983) ............................................................................................................................6

*Tiede v. Collier*,
 No. 1:23-CV-1004-RP, 2024 WL 3016562 (W.D. Tex. June 14, 2024) ................................... 2

*Villamil v. Fayrustin*,
 No. EP-23-CV-00428-DCG, 2024 WL 1664791 (W.D. Tex. Apr. 17, 2024) .......................... 5

*Wardlaw Transp., LLC v. S. Tire Mart, LLC*,
 No. 5:20-CV-1014-JKP, 2020 WL 7872518 (W.D. Tex. Oct. 16, 2020) ............................. 4, 5

*Young Conservatives of Texas Found. v. Univ. of N. Texas*,
 551 F. Supp. 3d 717 (E.D. Tex. 2021) ..................................................................................... 6

**Statutes**

28 U.S.C. § 1331 ................................................................................................................................ 6

28 U.S.C. § 1332 ................................................................................................................................ 3

28 U.S.C. § 1333 ................................................................................................................................ 6

47 U.S.C. § 556 .................................................................................................................................. 6

**INTRODUCTION**

Throughout the seven years of litigation below, there has been no dispute the Court had subject matter jurisdiction over all the claims at issue. The parties stipulated to that effect pre-trial, and the Court implicitly held as much by ruling on the merits following trial. Defendants' latest submission adds nothing to change this.

Defendants do not contend that their new allegations about WAP's members defeat diversity jurisdiction. Complete diversity existed even if the Prewitt trusts were WAP's partners because, even then, the Court would look no further than the citizenship of the trustees in determining WAP's citizenship.

Defendants' belated attack on the Court's exercise of federal question jurisdiction is also without merit. Plaintiffs' declaratory judgment claims arose under federal law, and their money damages claim raised necessary and substantial federal questions that were capable of resolution. Consequently, the Court properly exercised federal question jurisdiction as well.

The Court therefore should hold that it had – and still has – subject matter jurisdiction.

**ARGUMENT**

**I.      The Court Properly Exercised Diversity Jurisdiction.**

Defendants do not dispute that the Court properly exercised diversity jurisdiction. *See* Dkt. 169. Yet, in their latest filing, they insist on muddying the waters with new allegations and arguments that, by their own terms, do not defeat diversity—Defendants do not disagree that, when Plaintiffs Charter Communications, Inc. ("CCI") and Time Warner Cable Texas LLC ("TWC," collectively, "Charter" or "Plaintiffs") filed their Second Amended Complaint ("SAC"), they were citizens of Delaware, Connecticut, and New York, and PMI was a citizen of Texas. *Id.*

Curiously, Defendants now suggest for the first time that WAP was comprised of additional partners *(the Prewitt family trusts)*, in addition to PMI and certain individuals. *Id.* at 8. The result,

-1-

they contend, is that WAP was also a citizen of Washington, Arkansas, and Arizona, and not just Texas and California. *See id.* at 8 & 10. This new argument does nothing to defeat diversity.

> A.  **Complete Diversity Existed Because The Prewitt Trustees Were WAP's Partners, Not The Trusts Themselves.**

Defendants' new assertion that the Prewitt *trusts* were partners of WAP contradicts the record evidence – including their own stipulations of fact – demonstrating that the Prewitt *trustees* were WAP's partners when Charter filed the SAC. *See* Dkt. 136-14 at 167–68; Dkt. 96 ¶ 7. The record confirms that, at that time, WAP's partners were PMI – a citizen of Texas – and certain natural persons acting individually and *as trustees* of the Prewitt trusts. Dkt. 46-3 at 4-5; Dkt. 136-14 at 167–68.

Because Defendants have failed to offer any credible support for their contradictory allegations (other than a belated declaration), the Court should find that PMI and the *trustees* of the Prewitt family trusts were the only partners of WAP when Charter filed the SAC.[1] *See Tiede v. Collier,* No. 1:23-CV-1004-RP, 2024 WL 3016562, at *2 (W.D. Tex. June 14, 2024) (Pitman, J.) (stating a court may rely on its "resolution of disputed facts" to determine if it has jurisdiction). And because the trustees were WAP's partners when Charter filed the SAC, under well-established law, the Court need only consider their domiciles in determining WAP's citizenship.

The Fifth Circuit made that clear in *Hometown 2006-1 1925 Valley View, L.L.C. v. Prime Income Asset Mgmt., L.L.C.*, 847 F.3d 302 (5th Cir. 2017). There, the plaintiff was an LLC, and

---

[1] When WAP moved to intervene it argued that "allowing WAP to intervene w[ould] not negatively impact any parties to the present litigation," Dkt. 46 at 5, and would "increase judicial efficiency," *Id.* at 2, and that not doing so "would violate WAP's fundamental right to due process and would prevent the Court from having jurisdiction over WAP," Dkt. 56 at 3, 7 & 11. WAP is estopped from taking the opposite position now. *See Goldstein v. Forcepoint LLC*, No. 1:17-CV-1194-RP, 2024 WL 2155273, at *3 (W.D. Tex. Apr. 16, 2024) (Pitman, J) (stating that judicial estoppel prevents a party from relying on an argument that contradicts its earlier argument).

its sole member was a bank acting as a trustee. *See id.* at 306. The court expressly held that, in determining the LLC's citizenship, it need only consider the citizenship of the ***embedded trustee***, not the citizenship of the trust beneficiaries. *See id.* at 306–07. The court explained that holding aligned with the U.S. Supreme Court's holding in *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378 (2016), concluding that the citizenship of the trustee "is all that matters for diversity purposes" for a traditional trust when a plaintiff directly sues a trustee. *See id.* at 307. Because the embedded trustee in *Hometown* was the member of the named LLC, the plaintiff had functionally sued the trustee, and therefore, the trustee's citizenship was imputed to the LLC for purposes of diversity jurisdiction. *See id.*

The same reasoning applies here. *See id.*; *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–1080 (5th Cir. 2008) (explaining partnerships and LLCs are treated the same for purposes of diversity). WAP's partners, like the LLC member in *Hometown*, were trustees, not the trusts themselves. Dkt. 46-3 at 2, 4-5; Dkt. 136-14 at 167–68. Moreover, the Prewitt trusts are traditional trusts under which the trustees have the power to "hold, administer, and dispose" of trust assets. *See* Dkt. 169-1 at 14, 29, 52, 70 & 91. Accordingly, the Court need only consider the citizenship of PMI (Texas) and the citizenship of the individual trustees (Texas and California). The citizenship of the trust beneficiaries is irrelevant for jurisdictional purposes. *See Hometown*, 847 F.3d at 306–7; *ML-CFC 2007-6 Puerto Rico Prop's., LLC v. BPP Retail Prop's., LLC*, No. CV171199PADMEL, 2017 WL 9732563, at *7-8 (D.P.R. Dec. 13, 2017) (determining citizenship of LLC by looking to citizenship of LLC's embedded trustee member). Because the Prewitt trustees were citizens of Texas and California (Dkt. 136-14 at 167-68), and PMI was a citizen of Texas (Dkt. 96 ¶ 6; Dkt. 136-14 at 160-64, 202-06), Defendants were citizens of Texas and California when Charter filed the SAC. Thus, complete diversity existed. *See* 28 U.S.C. § 1332.

**B.     Defendants' New Contention That The Prewitt Trusts Were Also Partners Of WAP Is Moot–Complete Diversity Existed Even If The Trusts Were WAP's Partners.**

Defendants now argue – for the first time, and more than six years after Charter filed the SAC – that the Prewitt trusts were actually the partners of WAP when Charter filed the SAC. Dkt. 169 at 8. Even if Defendants were correct – the record indicates they are not – diversity jurisdiction still would have existed then and would continue to exist now. That is so because, even then, the Court would still look no further than the *trustees'* domicile in determining WAP's citizenship.

Courts in the Fifth Circuit repeatedly have held that the effect of an embedded trust on the citizenship of an LLC or partnership depends on whether the trust is a traditional trust – in which a trustee acts as a fiduciary and exercises real control over trust assets – or a business trust – which is an artificial entity that has no real power over trust assets.[2] *See Newport RE Grp., LLC v. Mayer*, No. 3:18-CV-02728-X, 2019 WL 13202216, at *1 (N.D. Tex. Oct. 3, 2019); *Dawson v. Wal-Mart Stores, Inc.*, No. 4:23-CV-458-SDJ, 2023 WL 4303639, at *4 (E.D. Tex. June 30, 2023); *see also Lake Passage Tr. v. HSBC Bank USA, N.A.*, No. 4:20-CV-03474, 2021 WL 1526792, at *2 (S.D. Tex. Apr. 19, 2021) (characterizing a traditional trust as one where the trustee exerts "real and substantial control" over the trust). For a traditional trust, that trust – and the pass through entity in which it is embedded – takes on the citizenship of its trustees. *See Wardlaw Transp., LLC v. S. Tire Mart, LLC*, No. 5:20-CV-1014-JKP, 2020 WL 7872518, at *2 (W.D. Tex. Oct. 16, 2020); *Newport*, 2019 WL 13202216, at *1.

Here, Defendants do not dispute the Prewitt trusts are traditional trusts – nor could they. Under the trust documents, the trustees exercise substantial power to "hold, administer, and

---

[2] Even after the Fifth Circuit's decision in *Bynane*, courts have looked to the traditional/business trust distinction, recognizing that distinction is merely another way of asking whether a trustee "exerts real and substantial control." *Lake Passage*, 2021 WL 1526792, at *2.

dispose" of trust assets. Dkt. 169-1 at 14, 29, 52, 70 & 91. Because the trustees have a clear "fiduciary relationship" and exercise control over the "trust property," the Prewitt trusts are traditional. *Huie v. DeShazo*, 922 S.W.2d 920, 926 (Tex. 1996); *Newport*, 2019 WL 13202216, at *1. Thus, the Court need only consider the trustees' citizenship to determine WAP's citizenship. *See Wardlaw*, 2020 WL 7872518, at *2; *Dawson*, 2023 WL 4303639, at *4. Given that Defendants now claim the trustees were citizens of Texas, California, and Arkansas, Dkt. 169-1 at 5, complete diversity existed even if the trusts were WAP's partners. *Wardlaw*, 2020 WL 7872518, at *2.

Finally, even if the Court were to consider the citizenship of the trust beneficiaries – it should not – their citizenship would not defeat diversity jurisdiction. As Defendants concede, considering the trusts' beneficiaries would make WAP a citizen of Texas, California, Washington, Arkansas, and Arizona. Dkt. 169 at 10. Because Plaintiffs were citizens of Delaware, Connecticut, and New York, and PMI was a citizen of Texas, complete diversity would still have existed even if WAP adopted the citizenship of the trust beneficiaries. *See id.*[3]

## II. The Court Properly Exercised Federal Question Jurisdiction.

### A. The Court Had Federal Question Jurisdiction Over Charter's Declaratory Judgment Claims.

Defendants argue that the Court lacked federal question jurisdiction because Charter's declaratory judgment claims involved defensive claims invoking state law. Dkt. 169 at 4. Not so. Charter sought affirmative declarations that federal law preempted Texas law. Dkt. 72 ¶¶ 45-61. Its claims thus raised affirmative federal questions on their face – not merely as anticipated

---

[3] Defendants claim there is a "missing beneficiary" they cannot locate, but they offer no explanation for why that is so. Dkt. 169 at 10. Should the Court determine it needs to consider the citizenship of the trust beneficiaries (it does not), it should order Defendants to provide updated disclosure statements addressing that beneficiary's domicile. *See Villamil v. Fayrustin*, No. EP-23-CV-00428-DCG, 2024 WL 1664791, at *10 (W.D. Tex. Apr. 17, 2024).

defenses – and consequently presented a "valid basis for federal question jurisdiction." *Self-Ins. Inst. of Am., Inc. v. Korioth*, 993 F.2d 479, 483 (5th Cir. 1993).[4]

The cases Defendants cite are readily distinguishable because, unlike Charter, the parties there sought defensive declarations that state law was not preempted. Dkt. 169 at 4–5. For example, in *City of Chicago v. Comcast Cable Holdings, L.L.C.*, 384 F.3d 901 (7th Cir. 2004) – which is out of circuit and non-binding – the Seventh Circuit held that Chicago's claim for a *defensive* declaration that federal law did not preempt its contracts failed to provide a basis for federal question jurisdiction. *See id.* at 904. But here, Charter sought *affirmative* declarations that federal law preempted state law – which presented "a valid basis for federal question jurisdiction," *Korioth*, 993 F.2d at 483 n.7, because such claims raised a federal issue "on the face of the complaint" rather than in anticipation of a federal defense to a state law claim. *Id.* at 483 n.6.

Defendants' reliance on *Gaar v. Quirk*, 86 F.3d 451 (5th Cir. 1996) also is misplaced. There, the plaintiff sought a declaratory judgment that he was immune from liability in a separate state court action. *See id.* at 453. The *Gaar* plaintiff thus sought a declaratory judgment solely as a preemptive defense to a state law claim. *See id.* at 453-54. And rather than seek to enforce a specific federal right – as Charter does – the *Gaar* plaintiff summarily cited 28 U.S.C. §§ 1331 and 1333, which the Court held was not enough to establish subject matter jurisdiction. Because Charter sought affirmatively to enforce its federal rights, *Garr* is of no relevance here.

---

[4] *New Orleans & Gulf Coast Ry.Co. v. Barrois*, 533 F.3d 321 (5th Cir. 2008), is distinguishable on these grounds. Unlike Charter's claims, the claim in *Barrois* arose "as an anticipated or federal defense." *Id.* at 330. *Barrois* also did not overrule the *Korioth* court's holding that declaratory judgment claims seeking affirmative declarations state law is preempted by federal law present a valid basis for federal jurisdiction. *See Korioth*, 993 F.2d at 483; *Young Conservatives of Texas Found. v. Univ. of N. Texas*, 551 F. Supp. 3d 717, 722 (E.D. Tex. 2021) (holding, after *Barrois*, that "Supreme Court and Fifth Circuit precedent leave no doubt that federal-preemption claims trigger federal-question jurisdiction."); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14 (1983).

### B. The Court Had Federal Question Jurisdiction Over Charter's Money Damages Claim.

Defendants further argue that Charter's money damages claim did not raise substantial federal questions. Dkt. 169 at 6-7. But Charter's money damages claim necessarily raised federal questions because Charter requested the Court determine whether Defendants improperly retained funds by violating Charter's federal rights. Dkt. 72 ¶¶ 45-61. That the Court ultimately ruled on state law grounds does not matter because the SAC drew on federal law "as the exclusive basis for holding Defendants liable for some of their actions." *Bd. of Commr's. of Se. La. Flood Prot. Auth.- E. v. Tenn. Gas Pipeline Co., L.L.C.*, 850 F.3d 714, 722 (5th Cir. 2017). And those federal issues were substantial to the federal system because the government expressly codified its "strong interest" in enforcing federal communications law over conflicting state cable regulatory schemes, which was precisely at issue in this action. *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005); 47 U.S.C. § 556(c); Dkt. 72 ¶¶ 45–61. Under these circumstances, the ruling Charter sought would have significant "implications for the federal regulatory scheme." *Tennessee Gas*, 850 F.3d at 724. The Court therefore had federal question jurisdiction over Charter's money damages claim too. *See Grable*, 545 U.S. at 314.

### CONCLUSION

The Court should hold that it properly exercised subject matter jurisdiction over this action.

Dated:  August 26, 2024        Respectfully submitted,

By  /s/ *Paul Werner*

Paul Werner
Abraham J. Shanedling
Steven P. Hollman (admitted *pro hac vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C.  20006-6801
202.747.1941 Telephone
pwerner@sheppardmullin.com
ashanedling@sheppardmullin.com
shollman@sheppardmullin.com

D. Douglas Brothers (State Bar No. 03084500)
GEORGE, BROTHERS, KINCAID & HORTON LLP
114 W 7th Street, Suite 625
Austin, Texas 78701
512.495.1446 Telephone
dbrothers@gbkh.com

*Counsel for Plaintiffs/Counter-Defendants*
*Charter Communications, Inc. and*
*Time Warner Cable Texas LLC*
*(n/k/a Spectrum Gulf Coast, LLC)*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 26, 2024, I caused the foregoing to be served on all record counsel via the Court's CM/ECF system.

                                      /s/ *Paul A. Werner*
                                      Paul A. Werner