IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHARTER COMMUNICATIONS, INC., et al. | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | NO. 1:16-CV-1268-RP |
| | § | |
| PREWITT MANAGEMENT, INC., et al. | § | |
|    Defendants, | § | |

DEFENDANTS' RESPONSE REGARDING JURISDICTION

TO THE HON. ROBERT PITMAN:

Defendants Prewitt Management, Inc., as General Partner of WAP, Ltd., a Texas Limited Partnership; and WAP, Ltd., a Texas Limited Partnership ("Prewitt") respond to the supplement filed by Plaintiffs Charter Communications, Inc. and Time Warner Cable Texas LLC ("Charter") regarding jurisdiction. (Dkt.170). Prewitt's supplement (Dkt.169), explains that there is no federal question jurisdiction, so jurisdiction in this Court stands or falls on diversity. Charter's supplement fails to demonstrate complete diversity, and Charter has thus failed to meet its burden to establish jurisdiction in the federal courts.

ARGUMENT

A.   There is no federal question jurisdiction.

    1.   Declaratory judgment claims

Charter's declaratory judgment claims do not support federal question jurisdiction because they invoke federal law defensively. The Declaratory Judgment Act does not expand district courts' jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). "[I]f, but for the availability of the declaratory judgment procedure, the federal

claim would arise only as a defense to a state created action, jurisdiction is lacking." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 14 (1983); *see New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 329 (5th Cir. 2008) (party may not use declaratory judgment to "recast what are in essence merely anticipated or potential federal defenses as affirmative claims for relief under federal law").

Charter argues that these black-letter principles "do not call into question this Court's jurisdiction and are readily distinguishable" because those cases sought declaratory judgment that federal law *does not* preempt state law, while it seeks declaratory judgment that federal law *does* preempt state law. Dkt.170 p.7. Charter cites two cases for the proposition that a declaratory judgment to determine "whether a state law is preempted presents a valid basis for federal question jurisdiction." Dkt.170 p.7 (citing *Self-Ins. Inst. of Am., Inc. v. Korioth*, 993 F.2d 479, 483 (5th Cir. 1993); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14 (1983)). But *Korioth* and *Shaw* involve claims against state public officials, and their holdings turn on the unique application of *Ex Parte Young*:

> It is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights. *See Ex parte Young*, 209 U.S. 123, 160–162 (1908). A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve.

*Shaw*, 463 U.S. at 96 n.14.

The Fifth Circuit cabined that rule to the *Ex Parte Young* context and rejected its application to suits between private parties: "We agree with these authorities that the

4884-4278-9338

principle articulated in *Shaw*—that a plaintiff who seeks injunctive relief on preemption grounds necessarily presents a federal question—does not apply in a suit exclusively between private parties, in the absence of some showing of state action." *Barrois*, 533 F.3d at 330 (explaining that *Shaw* did not "eviscerate that aspect of the well-pleaded complaint rule providing that anticipated or potential defenses, including defenses based on federal preemption, do not establish a basis for federal question jurisdiction"). Charter's effort to avoid the black-letter principles of *Skelly Oil* and *Franchise Tax Bd*. is thus without merit.

    2.    <u>Claim for money damages</u>

Federal jurisdiction "over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Charter argues that federal issues were "necessarily raised" by its claim that the Texas Cable Act violated its rights under federal law. Dkt.170 p.9. But Charter also plead state-law grounds for the same relief. Second Amended Complaint ("SAC") (Dkt.72), Counts 1 and 2. When "state law provides an alternative ground for recovery, the federal issue is not 'necessarily raised.'" *PlainsCapital Bank v. Rogers*, 715 Fed.Appx. 325, 330 (5th Cir. 2017). Charter's monetary claim rests on theories under Texas and federal law and therefore does not support federal question jurisdiction.

B.    <u>Charter did not satisfy its burden to establish complete diversity of citizenship.</u>

Prewitt's citizenship when suit was filed and as of the filing of the SAC was in five states: Texas, California, Arizona, Arkansas, and Washington. Dkt.169 pp.9-10. There is

3

uncertainty because some members of WAP Ltd. are trusts, and if the citizenship of each trust's beneficiaries determines citizenship of the trusts, there is one beneficiary whose citizenship is unknown. *Id*. If the citizenship of the trusts is determined by the trustees rather than the beneficiaries, then there is no uncertainty in the list of five states.

Charter states that it is a citizen of Delaware, New York, and Connecticut. Dkt.170 p.5. It also seeks leave to file a Third Amended Complaint to make the same jurisdictional allegation. Dkt.171. But Charter's evidence of jurisdiction is conflicting and demonstrates citizenship in additional states, including Washington, which would destroy diversity. The issue is Plaintiff Time Warner Cable Texas LLC ("TWC"), now known as Spectrum Gulf Coast, LLC ("Spectrum"). The Supplement states that, at the time the SAC was filed, TWC "had members ultimately traceable to three incorporated entities that were citizens of Connecticut, New York, and Delaware." Dkt.170 p.5. Charter cites "Ex. A ¶6; Ex. B; Ex. C." *Id*. But Charter's actual evidence reflect conflicting dates and citizenship.

Exhibit A is a declaration that states: (1) Exhibit 1 is a listing of TWC members as of March 29, 2018, the date of filing of the SAC; and (2) "Effective September 15, 2018, [TWC] changed its name to" Spectrum. Ex.A ¶¶6-7. Exhibit 1 is a list of TWC members "as of March 29, 2018," reflecting citizenship in New York, Delaware, and Connecticut.

Exhibit B is a list of Spectrum members "ultimately traceable" to entities that are citizens of Connecticut, New York, and Delaware. The Spectrum list differs from the TWC list. First, there is no declaration proving up the Spectrum list, the way there is a declaration proving up the TWC list. Second, the Spectrum list is titled: "List of Relevant Members

and Entities *Affiliated with*" Spectrum. The TWC list is titled: "List of Relevant Partners and Members *of* [TWC] *as of March 29, 2018*." Third, the Spectrum list is "as of the date of this filing," not as of March 29, 2018, the date of filing the SAC.

Exhibit C includes pleadings filed by Spectrum and Charter Communications, LLC in 2018 in a suit in Dallas.[1] First is a Notice of Removal, which alleges at ¶2: "Time Warner Cable Texas LLC d/b/a Spectrum no longer exists. *On February 8, 2018*, the entity was converted to [Spectrum], which is incorporated in Delaware and has a corporate headquarters located in St. Louis, Missouri." It alleges in ¶7 that Spectrum "is a citizen of Delaware and Missouri." Second is a show cause order requiring Spectrum to identify its members to demonstrate diversity, just as this court ordered. Third is Spectrum's response addressing its members' citizenship. The response tracks through twelve different entities that are members and sub-members of Spectrum, ultimately arriving in ¶11 at sub-member "Charter Investments, Inc., a privately held Delaware corporation with its principle [sic] office located in *Washington*."

The evidence is conflicting regarding the citizenship of Charter's members as of the SAC and thus fails to satisfy its burden to establish complete diversity of citizenship. The declaration (Exhibit A) states that the change from TWC to Spectrum was September 15, 2018, but the Notice of Removal (Exhibit C), states that it was February 8, 2018, before the SAC was filed. Charter's evidence also conflicts regarding the citizenship of Spectrum. The list in Exhibit B claims citizenship in Delaware, New York, and Connecticut "as of

---

[1] Charter filed the same set of pleadings with the Fifth Circuit to demonstrate jurisdiction.

the date of this filing," while the pleadings in Exhibit C, filed in 2018 shortly after the SAC was filed, also claim citizenship in Missouri and Washington.[2] One of the individual members of WAP is a citizen of Washington, which would destroy diversity.

The missing beneficiary of one of the WAP member trusts presents an additional potential defect in diversity jurisdiction. The beneficiary is known and identified, but his domicile (and thus citizenship) is unknown to Prewitt. If citizenship of trusts is determined by beneficiaries rather than trustees, and the citizenship of a beneficiary is unknown, then Charter cannot meet its burden to establish that complete diversity exists. *See Wisener v. Revlon Consumer Products Corp.*, No. CV H-22-243, 2022 WL 817075, at *2 (S.D. Tex. Mar. 17, 2022) (remanding case because, where the citizenship of a member of an LLC is unknown, party asserting federal jurisdiction failed to carry its burden to establish diversity). Moreover, Charter has made no effort to locate the missing beneficiary. It therefore may not allege diversity "on information and belief." *Cavazos v. Leiva*, No. SA-23-CV-01176-XR, 2023 WL 11904105, at *2 (W.D. Tex. Sept. 26, 2023) (where "members or partners may be unknown to the party invoking diversity jurisdiction even after a diligent investigation," party may allege diversity "on information and belief").

---

[2] Charter in this action also previously stipulated citizenship for TWC in Missouri. Charter stipulated at the time of trial that TWC "is a Delaware limited liability company with its principal offices in St. Louis, Missouri." Dkt.96 ¶4. That Joint Stipulation of Undisputed Facts alleging TWC citizenship in Missouri was filed on May 3, 2018, shortly after the SAC was filed on March 29, 2018. Dkt.96. Charter's stipulation that TWC is a Delaware entity with its principal offices in Missouri matches its allegations regarding Spectrum in the Exhibit C pleadings. The stipulation also predates the contention in Charter's declaration (Exhibit A) that the change from TWC to Spectrum did not occur until September 15, 2018.

4884-4278-9338

Prewitt provided the trust creation documents from which Charter can endeavor to establish whether the citizenship of the member trusts look to the trustees or the beneficiaries. To date, Charter has made no effort to do so.

## CONCLUSION AND PRAYER

"As the party asserting federal jurisdiction," Charter "bears the burden of establishing diversity of citizenship." *Lumpkins v. Office of Cmty. Dev.*, 621 Fed. Appx. 264, 271 (5th Cir. 2015). Notwithstanding the Fifth Circuit's directive on limited remand, and this Court's request for supplementation on jurisdiction, Charter submitted conflicting evidence regarding its own citizenship, including direct evidence that there are members of both Charter and Prewitt who are citizens of Washington. Charter thereby failed to meet its burden to demonstrate complete diversity of all parties. Prewitt prays that this Court vacate the judgment and dismiss this case for lack of jurisdiction.

4884-4278-9338

Respectfully submitted,

SCOTT DOUGLASS & McCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300 Telephone
(512) 495-6399 Fax

By:   */s/ Jane Webre*
      Sam Johnson
      Texas State Bar No. 10790600
      sjohnson@scottdoug.com
      Jane Webre
      Texas State Bar No. 21050060
      jwebre@scottdoug.com

Roy L. Barrett
State Bar No. 01814000
NAMAN HOWELL SMITH & LEE, PLLC
400 Austin Avenue, Suite 800
P.O. Box 1470
Waco, Texas 76703-1470
(254) 755-4129
(254) 754-6331 (Fax)

ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

I certify that on August 26, 2024, I electronically filed the foregoing document with the clerk of Court using the CM/ECF system which will send notification of the filing to all counsel of record.

*/s/ Jane Webre*
Jane Webre

4884-4278-9338