UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
Austin Division

**FILED**
September 12, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____pg_____
DEPUTY

| | |
|---|---|
| CHARTER COMMUNICATIONS, INC., and TIME WARNER CABLE TEXAS LLC (n/k/a SPECTRUM GULF COAST, LLC),<br><br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>PREWITT MANAGEMENT, INC., as General Partner of WAP, Ltd., a Texas Limited Partnership, and WAP, LTD., a Texas Limited Partnership,<br><br>Defendants/Counterclaimants. | Case No. 1:16-cv-1268-RP |

### PLAINTIFFS/COUNTER-DEFENDANTS' SUR-REPLY IN OPPOSITION TO DEFENDANTS/COUNTERCLAIMANTS' RESPONSE REGARDING JURISDICTION

Plaintiffs/Counter-Defendants Charter Communications, Inc. ("CCI") and Time Warner Cable Texas LLC ("TWC," collectively, "Charter" or "Plaintiffs"), submit this sur-reply in opposition to Defendants/Counterclaimants Prewitt Management, Inc. ("PMI") and WAP, Ltd.'s ("WAP's," collectively, "Defendants'"), Response Regarding Jurisdiction.

### ARGUMENT

Defendants argue the Court lacked diversity jurisdiction based on supposedly "confict[ing]" evidence on TWC's citizenship. Dkt. 173 at 5. But Defendants mischaracterize Exhibit C to Charter's Opening Supplemental Brief (Dkt. 170-3) by asserting that it shows TWC was a citizen of Washington when Charter filed the SAC. Dkt. 173 at 5.

Exhibit C references certain filings from *Krohn v. Spectrum Gulf Coast, LLC*, Case No. 3:18-cv-02722 (N.D. Tex. 2018), in which TWC and its co-defendant, Charter Communications,

LLC, filed a response to a show cause order by listing their citizenship. Dkt. 170-3 at 7. But Exhibit C reflects TWC's citizenship "[a]t the time of the commencement" and "removal" of the *Krohn* action on **September 11, 2018** – six months after Charter filed the SAC. Dkt. 170-3 at 7; *Krohn*, at Dkt. 1 & 2-1 at 3. Thus, Exhibit C does not demonstrate TWC's citizenship when Charter filed the SAC on **March 29, 2018**, which is the date from which the Court must determine the parties' citizenship. *See Rockwell Int'l Corp. v. U.S.*, 549 U.S. 457, 473-74 (2007) ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction"); *Johnson v. Affiliated Computer Servs., Inc.*, 500 F. App'x 265, 266 (5th Cir. 2012) (relying on amended complaint to determine diversity jurisdiction existed). Defendants indeed cite no precedent for the proposition that the Court should consider filings in another case, between different parties, filed at a different time, to assess its jurisdiction here over the SAC. That is because there is none, and it obviously should not do so.

The *only* record evidence that directly addresses TWC's citizenship on the day Charter filed the SAC is Exhibit A to Charter's Opening Supplemental Brief. Dkt. 170-1. Exhibit A makes clear that, on the day Charter filed the SAC, TWC was a citizen of Connecticut, New York, and Delaware. *Id.* Defendants fail to present any evidence rebutting that fact; nor could they. As such, the Court should accept the only undisputed record evidence to conclude that diversity jurisdiction existed at the time of filing the SAC. *See Tiede v. Collier,* No. 1:23-CV-1004-RP, 2024 WL 3016562, at *2 (W.D. Tex. June 14, 2024) (Pitman, J.); *Square D Co. v. Pioneer Breaker & Supply Co.*, No. A-07-CA-810-SS, 2009 WL 5170211, at *4 (W.D. Tex. Dec. 18, 2009) (looking to undisputed record evidence to hold subject matter jurisdiction existed).

Subject matter jurisdiction is not a gotcha game, and the Court should see Defendants' effort to cloud the record with new information contrary to their earlier filings, including the

surprise appearance of a mystery beneficiary, for what it is: strategic "sandbag[ging]" to avoid an adverse merits ruling many years after they fully and eagerly participated in this litigation. *Mission Toxicology, LLC v. Unitedhealthcare Ins. Co.*, 499 F. Supp. 3d 350, 359–60 (W.D. Tex. 2020). Indeed, when WAP moved to intervene in 2018, Defendants explained that "allowing WAP to intervene w[ould] not negatively impact any parties to the present litigation." Dkt. 46 at 5. Defendants further stipulated that WAP was a citizen of Texas and California, Dkt. 96 ¶ 7, and WAP's partnership agreement confirmed the same, Dkt. 136-14 at 167–68. Over the course of six years, Defendants never once argued that diversity was lacking or amended their allegations on WAP's citizenship. Lo and behold, their views on jurisdiction only dimmed after they lost on the merits – only now do they come forward with assertions that WAP was a citizen of *Washington* and had a supposedly "missing beneficiary." Dkt. 169 at 10.[1]

If the Court determines that it cannot resolve the parties' citizenship allegations on the evidence before it now, it should order Defendants to provide updated disclosure statements, and alternatively, order limited discovery on the missing beneficiary. *See Villamil v. Fayrustin*, No. EP-23-CV-00428-DCG, 2024 WL 1664791, at *10 (W.D. Tex. Apr. 17, 2024); *In re MPF Holdings U.S. LLC*, 701 F.3d 449, 457 (5th Cir. 2012). That is appropriate when, as here, the

---

[1] Defendants are further mistaken that Charter "failed to meet its burden" by not making efforts to determine the domicile of WAP's supposedly missing beneficiary. Dkt. 173 at 6. Charter ran searches to identify the missing beneficiary, but those searches did not return any definite results tied to WAP. And unlike the removing party in *Wisener v. Revlon Consumer Prod. Corp.*, No. CV H-22-243, 2022 WL 817075 (S.D. Tex. Mar. 17, 2022), Charter not only engaged in diligent efforts to locate the citizenship of the parties but, more importantly, affirmatively alleged the citizenship of all defendants. *See id.* at *2; Dkts. 170 & 172. And if the Court determines there is a factual dispute regarding diversity, it can – and properly should – resolve that dispute in favor of finding subject matter jurisdiction exists. *See Albert v. United States Dep't of the Army*, No. 5:17-CV-0703-JKP, 2020 WL 4586161, at *3–6 (W.D. Tex. Aug. 10, 2020) (resolving disputed record evidence to hold subject matter jurisdiction existed).

citizenship of the parties is potentially unclear "due in large part to Defendants' pleadings" and conduct. *Daniels v. Bull Rogers, Inc.*, No. PE:17-CV-00053, 2018 WL 7297874, at *3 (W.D. Tex. Feb. 5, 2018); Dkts. 46, 52 & 69.  Defendants should not benefit from invoking new partners and a mystery beneficiary years after their contrary representations to this Court, and only after they lost at trial.

## **CONCLUSION**

The Court should hold that it properly exercised subject matter jurisdiction over this action.

Dated:  August 29, 2024     Respectfully submitted,

By  /s/ *Paul Werner*

Paul Werner
Abraham J. Shanedling
Steven P. Hollman (admitted *pro hac vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C.  20006-6801
202.747.1941 Telephone
pwerner@sheppardmullin.com
ashanedling@sheppardmullin.com
shollman@sheppardmullin.com

D. Douglas Brothers (State Bar No. 03084500)
GEORGE, BROTHERS, KINCAID & HORTON LLP
114 W 7th Street, Suite 625
Austin, Texas 78701
512.495.1446 Telephone
dbrothers@gbkh.com

*Counsel for Plaintiffs/Counter-Defendants*
*Charter Communications, Inc. and*
*Time Warner Cable Texas LLC*
*(n/k/a Spectrum Gulf Coast, LLC)*